**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **LIANNA PATTERSON AND** | | |
| **JAMES PATTERSON** | § | |
|     **Plaintiffs** | § | |
| | § | |
| **v.** | § | **Civil Action No.** <u> 5:17-cv-00814   </u> |
| | § | |
| **LIBERTY MUTUAL INSURANCE** | § | |
| **CORPORATION AND JEFFREY ALLEN,** | § | |
|     **Defendant** | § | |

---

**INDEX OF MATTERS BEING FILED**

---

Liberty Insurance Corporation's Notice of Removal.

       Exhibit A:     Declaration of Jeffrey Allen

       Exhibit B:     Copies of all process, pleadings, orders, and the docket sheet on file in the state court lawsuit.

       Exhibit C:     June 6, 2017 demand letter from Plaintiffs to Defendant.

       Exhibit D:     A list of counsel of record.

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **LIANNA PATTERSON AND** | | |
| **JAMES PATTERSON** | § | |
|     **Plaintiffs** | § | |
| | § | |
| **v.** | § | **Civil Action No. _____** |
| | § | |
| **LIBERTY MUTUAL INSURANCE** | § | |
| **CORPORATION AND JEFFREY ALLEN,** | § | |
|     **Defendant** | § | |

---

### LIBERTY INSURANCE CORPORATION'S NOTICE OF REMOVAL

---

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Liberty Insurance Corporation (*Incorrectly named as Liberty Mutual Insurance Corporation*) (hereinafter referred to as "Liberty") files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the following:

#### *Procedural Background*

1.      On July 13, 2017, Plaintiffs Lianna Patterson and James Patterson filed their Original Petition ("Original Petition") styled Cause No. 2017CI12751; *Lianna Patterson and James Patterson v. Liberty Mutual Insurance Corporation and Jeffrey Allen*, In the 288st District Court, Bexar County, Texas.  Liberty was served with citation on July 26, 2017.

#### *Nature of the Suit*

2.      This lawsuit involves a dispute over Liberty's handling of Plaintiffs' insurance claim for damages from a wind/hail storm allegedly sustained by their residential property: 2911 Spider Lily, San Antonio, Texas 78258.  Plaintiffs assert causes of action against Liberty for breach of the insurance contract, unfair settlement practices, failure to promptly pay their claim,

breach of the duty of good faith and fair dealing, violations of the Texas Insurance Code, and fraud. Plaintiffs assert causes action against Jeffrey Allen for violation of Chapter 541 and 542 of the Texas Insurance Code.

### *Basis for Removal*

3.      Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the proper parties to the suit and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4.      There is complete diversity of citizenship between the parties.  At the time Plaintiffs filed their Original Petition in District Court on July 13, 2017 and as of the date of filing this Notice, Liberty Insurance Corporation was and is a company organized under the laws of the State of Illinois whose principal place of business is in Boston, Massachusetts. Additionally, at the time Plaintiffs filed their Original Petition in District Court on July 13, 2017 and as of the date of filing this Notice, Jeffrey Allen was and is a citizen of and domiciled in North Carolina.[1] Accordingly, at the time Plaintiff initially filed this suit, and through the filing of this Notice, Defendant Liberty and Defendant Jeffrey Allen were not citizens of the State of Texas for diversity jurisdiction purposes. Finally, although Liberty Mutual Insurance Corporation is not a party to the policy and not properly in this lawsuit, it is also diverse because at the time Plaintiffs filed their Original Petition and as of the date of filing this Notice, Liberty Mutual Insurance Corporation was and is a company organized under the laws of the State of Massachusetts whose principal place of business is in Boston, Massachusetts.

5.      Upon information and belief, Plaintiff was a citizen of Texas when his Petition was filed, and continues to be a citizen of Texas.

---

[1] *See* Exhibit A, Declaration of Jeffrey Allen. Jeffrey Allen has consented to removal of this suit.

6.      Further, this Court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  In determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, ... penalties, statutory damages, and punitive damages."[2]  Here, Plaintiffs claim a wind/hail storm caused damages to their property that Plaintiff insured through Liberty.[3]  Plaintiffs seek damages for Liberty's alleged refusal to fully compensate Plaintiffs under the terms of their insurance contract.[4]  The Policy at issue is a LibertyGuard® Deluxe Homeowner's Policy with coverage limits of $553,300.00 for the dwelling, $55,330.00 for other structures on the location, and $311,980 for the personal property. Plaintiffs affirmatively pleaded damages in excess of $100,000.00 but less than $200,000.00 in their Original Petition.[5]

7.      In addition, Plaintiffs seek statutory penalties and treble damages under the Texas Insurance Code.[6]  Plaintiffs also seek attorney fees for bringing this suit.[7]  By letter dated June 6, 2017, Plaintiffs sent Defendant a letter demanding $105,000.00 for settlement of their claims.[8] The total amount is exclusive of interests and costs.[9] Thus, given the Policy involved in Plaintiff's claim, the nature of Plaintiff's claim, and the types of damages sought, it is more

---

[2]  *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

[3] *See* Exhibit B, Original Petition at pages 3–6.

[4] *See id.*

[5] *See* Exhibit B, Original Petition at page 14.

[6] *See* Exhibit B, Original Petition at page 11.

[7] *See id.*

[8] *See* Exhibit C, June 6, 2017 Demand Letter at page 4.

[9] *See id.*

likely than not that the amount in controversy exceeds the federal jurisdictional minimum of $75,000.00.

8.     Based on the Policy's coverage limits, it would be legally possible for Plaintiff to obtain a recovery of at least $75,000.

### *The Removal is Procedurally Correct*

9.     Liberty was first served with the Original Petition in District Court on July 26, 2017.  Therefore, Liberty filed this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

12.     Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this district.

13.     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit B.

14.     Pursuant to 28 U.S.C. §1446(d), promptly after Liberty files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiff, the adverse parties.

15.     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the District Clerk for 288th Judicial District for Bexar County, Texas, promptly after Liberty files this Notice.

WHEREFORE, Liberty Insurance Corporation requests that this action be removed from the 288th District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

David R. Stephens
Attorney in Charge
State Bar No. 19146100
Alexander D. Good
State Bar No. 24092433
Lindow Stephens Treat LLP
One Riverwalk Place
700 N. St. Mary's St., Suite 1700
San Antonio, Texas  78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
dstephens@lstlaw.com
agood@lstlaw.com

*Counsel for Liberty Insurance Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Western District of Texas, San Antonio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy mailed *via certified mail* on this **24**th day of **August, 2017**, addressed to those who do not receive notice from the Clerk of the Court.

Robert A. Pollom
KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232

David R. Stephens
Alexander D. Good

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LIANNA PATTERSON AND** | § | |
| **JAMES PATTERSON** | § | |
| **Plaintiffs** | § | |
| | § | |
| **v.** | § | CIVIL ACTION NO._____ |
| | § | |
| **LIBERTY MUTUAL INSURANCE** | § | |
| **CORPORTION AND JEFFREY ALLEN** | § | |
| **Defendants** | § | |

### DECLARATION OF JEFFREY ALLEN

1.   My name is Jeffrey Allen.  I am of sound mind, over the age of 21, have never been convicted of a felony or crime involving moral turpitude and am otherwise competent to make this Declaration.  I have personal knowledge of the facts stated in this Declaration, and each fact is true and correct.

2.   I adjust claims on behalf of Liberty Insurance Corporation, the defendant in the above styled suit.

3.   I have been a citizen of the state of North Carolina since 2013.  I have owned the same house in Waxhaw, North Carolina for the last four years.

4.   I was a citizen of the state of North Carolina on July 13, 201 when Plaintiffs filed their Original Petition styled Cause No. 2017CI12751; *Lianna Patterson and James Patterson v. Liberty Mutual Insurance Corporation and Jeffrey Allen*; In the 288th Judicial District Court, Bexar County, Texas.  I was a citizen of and domiciled in the state of North Carolina on August 25, 2017 when Liberty Insurance Corporation removed this suit to federal court, and I continue to be a citizen of and domiciled in the state of North Carolina to this day.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August _20_, 2017.

Jeffrey Allen

# Exhibit

# B



Records Search Home     Advanced Search     Bexar County

Home  /  Back to Search Results  /  Details

# Case #2017CI12751

History 6

**Name**

LOANNA PATTERSON

**Date Filed**          **Case Status**          **Litigant Type**          **Court**

07/13/2017           PENDING                PLAINTIFF               288

**Docket Type**

DEBT/CONTRACT

**Business Name**

**Style**

LIANNA PATTERSON ET AL

**Style (2)**

vs LIBERTY MUTUAL INSURANCE CORPORATION ET AL

---

# Case History   Go To Top

*Currently viewing 1 through 6 of 6 records*

| Sequence | Date Filed | Description |
| --- | --- | --- |

| P00004 | 8/18/2017 | ORIGINAL ANSWER OF |
|--------|-----------|---------------------|
| | | LIBERTY INSURANCE CORPORATION |

| S00002 | 7/17/2017 | CITATION |
|--------|-----------|----------|
| | | JEFFREY ALLEN |
| | | ISSUED: 7/17/2017 |

| S00001 | 7/17/2017 | CITATION |
|--------|-----------|----------|
| | | LIBERTY MUTUAL INSURANCE CORPORATION |
| | | ISSUED: 7/17/2017 RECEIVED: 7/19/2017 |
| | | EXECUTED: 7/26/2017 RETURNED: 8/1/2017 |

| P00003 | 7/14/2017 | REQUEST FOR SERVICE AND PROCESS |
|--------|-----------|----------------------------------|
| | | PAYING FOR COPIES |

| P00002 | 7/13/2017 | SERVICE ASSIGNED TO CLERK 2 |

| P00001 | 7/13/2017 | PET FOR HAIL DAMAGE RESIDENTIAL |



Bexar.org | Bexar County County Clerk | Bexar County District Clerk
100 Dolorosa San Antonio, Texas 78205 | 210.335.2011



# Notice of Service of Process

**SOP / ALL**
**Transmittal Number: 16930182**
**Date Processed: 07/26/2017**

| | |
|---|---|
| **Primary Contact:** | Bruce Buttaro<br>Liberty Mutual Insurance Company<br>175 Berkeley Street<br>Boston, MA 02116 |

| | |
|---|---|
| **Entity:** | Liberty Mutual Insurance Company<br>Entity ID Number  1765547 |
| **Entity Served:** | Liberty Mutual Insurance Corporation |
| **Title of Action:** | Lianna Patterson vs. Liberty Mutual Insurance Corporation |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Bexar County District Court, Texas |
| **Case/Reference No:** | 2017CI12751 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 07/26/2017 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Jake S. Rogiers<br>210-490-7402 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

PRIVATE PROCESS

Case Number: 2017-CI-12751

2017CI12751   S00001

LIANNA PATTERSON ET AL
**VS.**
**LIBERTY MUTUAL INSURANCE CORPORATION ET**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
288th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: LIBERTY MUTUAL INSURANCE CORPORATION

BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION , a default judgment may be taken against you." Said ORIGINAL PETITION  was filed on the 13th day of July, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 17TH DAY OF JULY A.D., 2017.

ROBERT A POLLOM
ATTORNEY FOR PLAINTIFF
16500 SAN PEDRO AVE 302
SAN ANTONIO, TX 78232-2241



**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Lilyana Esquivel*, Deputy

---

LIANNA PATTERSON ET AL
VS
LIBERTY MUTUAL INSURANCE CORPORATION ET

**Officer's Return**

Case Number: 2017-CI-12751
Court: 288th Judicial District Court

I received this CITATION on the_____ day of_____, 20_____ at _____o'clock ___M. and:( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION   on the date of delivery endorsed on it to_____, in person on the _____ day of_____, 20_____ at _____ o'clock ___M. at:_____ or ( ) not executed because _____

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By :_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

ORIGINAL (DK002)

FILED
7/13/2017 11:20 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Krystal Gonzalez

2 cit pps sac ↻

CAUSE NO. **2017CI12751**

| LIANNA PATTERSON AND | § | IN THE DISTRICT COURT |
| JAMES PATTERSON | § | |
| | § | |
| | § | |
| V. | § | **288**___ JUDICIAL DISTRICT |
| | § | |
| | § | |
| LIBERTY MUTUAL INSURANCE | § | |
| CORPORATION AND JEFFREY ALLEN | § | BEXAR COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs LIANNA PATTERSON and JAMES PATTERSON, file this Original Petition against LIBERTY MUTUAL INSURANCE CORPORATION ("LIBERTY MUTUAL" or the "INSURANCE DEFENDANT"), and JEFFREY ALLEN ("ALLEN" or "ADJUSTER DEFENDANT" or herein collectively as "DEFENDANTS") and in support thereof, would show as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II.
### PARTIES AND SERVICE

Plaintiffs reside in Bexar County, Texas.

Defendant LIBERTY MUTUAL is in the business of insurance in the State of Texas.  The insurance business done by INSURANCE DEFENDANT in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiffs;

- The taking or receiving of application for insurance, including the Plaintiffs' application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiffs; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiffs.

This defendant may be served with personal process, by a process server, by serving its registered agent Corporation Service Company, 211 East 7th Street Suite 620, Austin, Texas 78701, or wherever else it may be found.

Defendant, Jeffrey Allen, is an individual residing in and domiciled in the State of Texas. This defendant may be served with personal process via personal service at 1600 N. Collins Blvd 4th Floor, Richardson, Texas 75080 or wherever else he may be found.

### III.
### JURISDICTION AND VENUE

Venue is appropriate in Bexar County, Texas because all or part of the conduct giving rise to the causes of action were committed in Bexar County, Texas and the Plaintiffs and property which is the subject of this suit are located in Bexar County, Texas.

Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

## IV.
## FACTS

Plaintiffs are the owners of a Texas Homeowner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by INSURANCE DEFENDANT.

Plaintiffs own the insured property, which is specifically located at 2911 Spider Lily, San Antonio, Texas 78258 (hereinafter referred to as "the Property").

INSURANCE DEFENDANT sold the Policy insuring the Property to Plaintiffs.

During the terms of said Policy, on or about March 31, 2016 under Policy No. H3729821170140 and 'Claim No. 034352875-01, Plaintiffs sustained covered losses in the form of wind and/or hail damage and damages resulting therefrom, and Plaintiffs timely reported same pursuant to the terms of the Policy.  Plaintiffs asked that INSURANCE DEFENDANT cover the cost of repairs to the Property pursuant to the Policy. However, DEFENDANTS failed to conduct a full, fair and adequate investigation of Plaintiffs' covered damages, which is evidenced by the estimate and report completed by Jeffrey Allen and fully adopted by Liberty Mutual Insurance Company. [1]

As detailed in the paragraphs below, INSURANCE DEFENDANT wrongfully denied Plaintiffs' claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, INSURANCE DEFENDANT failed to pay Plaintiffs' claim by not providing full coverage for the damages sustained by Plaintiffs.

To date, INSURANCE DEFENDANT continues to delay in the payment for the damages to the Property, which originated in Adjuster Defendant's failure to effectuate a prompt, fair, and equitable resolution of the claim.

---

[1] *See Plaintiff's Exhibit A*, a true and correct copy of Jeffrey Allen's estimate dated September 24, 2016.

3

INSURANCE DEFENDANT failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of their Policy. Specifically, INSURANCE DEFENDANT refused to pay the full proceeds of the Policy after its agent, ADJUSTER DEFENDANT, conducted an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiffs. INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiffs.

Pleading further, DEFENDANTS misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. For example, Adjuster Defendant arbitrarily labeled known damage from the occurrence as old damage although no scientific testing was completed to reach this conclusion.[2] DEFENDANT'S INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT failed to make an attempt to settle Plaintiffs' claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy. Their conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT failed to explain to Plaintiffs any valid reason for its coverage denial and offer of an inadequate settlement. Specifically, it failed to offer Plaintiffs full compensation, without any valid explanation why full payment was not being made.

---

[2] Id.

4

Furthermore, INSURANCE DEFENDANT did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiffs' claim. INSURANCE DEFENDANT conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of Plaintiffs' claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

Further, INSURANCE DEFENDANT failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiffs' claim and, to date, Plaintiffs have not received full payment for their claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

From and after the time Plaintiffs' claim was presented to INSURANCE DEFENDANT, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear.

5

However, it has refused to pay Plaintiffs in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing.

Additionally, INSURANCE DEFENDANT knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

Because of INSURANCE DEFENDANT'S wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who is representing Plaintiffs with respect to these causes of action.

## V.
## CAUSES OF ACTION AGAINST INSURANCE DEFENDANT

A.    **BREACH OF CONTRACT**

INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiffs. Defendant's failure and/or refusal, as described above, to pay Plaintiffs adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiffs.

B.    **NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**

1.    **UNFAIR SETTLEMENT PRACTICES**

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## 2.     THE PROMPT PAYMENT OF CLAIMS

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

INSURANCE DEFENDANT'S failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

7

INSURANCE DEFENDANT'S failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT'S delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## C.     BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

INSURANCE DEFENDANT'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## VI.
## CAUSES OF ACTION AGAINST ADJUSTER DEFENDANT

## A.     NONCOMPLIANCE WITH TEXAS INSURANCE CODE

Plaintiffs re-allege the foregoing paragraphs.  At all pertinent times, JEFFREY ALLEN, the ADJUSTER DEFENDANT, was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of the ADJUSTER DEFENDANT and his agents constitute one or more violations of the Texas Insurance Code.  More specifically, the ADJUSTER DEFENDANT has, among other violations, violated the following provisions of the Code:

1. Insurance Code § 542.003(b)(5) and 28 TAC 21.203(5).

2. Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiffs to settle its claim with respect to another portion of the policy;

- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiffs' claims;

- refusing to affirm or deny coverage within a reasonable time;

- refusing to conduct a reasonable investigation;

- ignoring damage known to be covered by the Policy; and/or

- conducting an outcome-oriented investigation in order to provide INSURANCE DEFENDANT with a basis to underpay the claim.

The foregoing paragraphs are incorporated herein. The INSURANCE DEFENDANT assigned the loss and the claim to JEFFREY ALLEN who was at all pertinent times the agent of the INSURANCE DEFENDANT, through both actual and apparent authority. The acts, representations and omissions of the ADJUSTER DEFENDANT are attributed to the INSURANCE DEFENDANT.

ADJUSTER DEFENDANT inspected Plaintiffs' property on or about September 24, 2016.[3] During the inspection, ADJUSTER DEFENDANT was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiffs' claim, including determining the cause of and then quantifying all of the damage done to Plaintiffs' property. During the inspection, ADJUSTER DEFENDANT ignored covered damages to the Property and refused to address all

---

[3] Id.

of the damages caused by the loss.  Specifically, JEFFREY ALLEN, ignored covered damages including but not limited to the main house roof, interior and exterior damages, fencing, and purgola. Subsequent to the inspection, ADJUSTER DEFENDANT prepared a repair estimate, completed on or about September 24, 2016, which vastly under-scoped the actual covered damages to the property, thus demonstrating ADJUSTER DEFENDANT did not conduct a thorough investigation of the claim.[4]

Despite having been assigned the claim, and despite being given authority and instructions to inspect, adjust and evaluate the claim, the ADJUSTER DEFENDANT failed and refused to properly adjust the claim. The ADJUSTER DEFENDANT failed to properly inspect the property and the damages, failed to request information, failed to adequately investigate the claim, failed to respond to requests for information from the Plaintiffs, failed to timely evaluate the claim, failed to timely and properly estimate the claim, and failed to timely and properly report to the INSURANCE DEFENDANT and make recommendations to the INSURANCE DEFENDANT to address all the covered damages.

The Plaintiffs provided information regarding the loss and the claim to the ADJUSTER DEFENDANT. The Plaintiffs allowed the ADJUSTER DEFENDANT full and complete access to the property. The Plaintiffs provided sufficient information to the ADJUSTER DEFENDANT to adjust and evaluate the loss. The Plaintiffs made inquiries regarding the status of the loss and payment, but the ADJUSTER DEFENDANT failed and refused to respond to the inquiries and failed to properly adjust the claim and the loss.  As a result of the ADJUSTER DEFENDANT'S inadequate and outcome-oriented investigation, to date, Plaintiffs have not received full payment for the claim.

---

[4] Id.

The ADJUSTER DEFENDANT'S actions were negligent, reckless, willful and intentional, and were the proximate and producing cause of damages to the Plaintiffs.

Where statements were made by the ADJUSTER DEFENDANT, Plaintiffs reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiffs, Plaintiffs have suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiffs to seek treble damages pursuant to the Insurance Code.

## VII.
## KNOWLEDGE

Each of the acts described above, together and singularly, was done "knowingly" by DEFENDANTS as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## VIII.
## DAMAGES

Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiffs.

As previously mentioned, the damages caused by the covered losses have not been properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of DEFENDANTS' mishandling of Plaintiffs' claim in violation of the laws set forth above.

For breach of contract, Plaintiffs are entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorneys' fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices,

Plaintiffs is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees.

For knowing conduct of the acts described above, Plaintiffs ask for three times the actual damages. TEX. INS. CODE §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of Plaintiffs' claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys whose names are subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## IX.

In addition, as to any exclusion, condition, or defense pled by DEFENDANTS, Plaintiffs would show that:

The clear and unambiguous language of the policy provides coverage for damage caused by losses made the basis of Plaintiffs' claim, including the cost of access to fix the damages;

12

In the alternative, any other construction of the language of the policy is void as against public policy;

Any other construction and its use by the DEFENDANTS violate the Texas Insurance Code section 541 et. seq. and is void as against public policy;

Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiffs;

In the alternative, DEFENDANTS are judicially, administratively, or equitably estopped from denying Plaintiffs' construction of the policy coverage at issue;

In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiffs plead the doctrine of mutual mistake requiring information.

## X.
## REQUEST FOR DISCLOSURES

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiffs request that DEFENDANTS provide the information required in a Request for Disclosure.

## XI.
## FIRST REQUEST FOR PRODUCTION TO INSURANCE DEFENDANT

1) Produce the INSURANCE DEFENDANT's complete claim file (excluding all privileged portions) in your possession for Plaintiffs' property relating to or arising out of any damages caused by the loss for which INSURANCE DEFENDANT opened a claim under the Policy. Please produce a privilege log for any portions withheld on a claim of privilege.

2) Produce all non-privileged emails and other forms of communication between INSURANCE DEFENDANT, its agents, adjusters, employees, or representatives and the adjuster, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiffs' property which is the subject of this suit.

3) Produce any complete claim file (excluding all privileged portions) in the INSURANCE DEFENDANT's possession for the Plaintiffs/insureds and/or for the Plaintiffs' property as listed in the Plaintiffs' Original Petition, relating to or arising out of any claim for damages which INSURANCE DEFENDANT opened a claim under any policy. Please produce a privilege log for any portions withheld on a claim of privilege.

## XII.
## FIRST REQUEST FOR PRODUCTION TO ADJUSTER DEFENDANT

1) Produce ADJUSTER DEFENDANT's complete claim or adjusting file for Plaintiffs' property. Please produce a privilege log for any portions withheld on a claim of privilege.

2) Produce all emails and other forms of communication between INSURANCE DEFENDANT, its agents, adjusters, employees, or representatives and the ADJUSTER DEFENDANT, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiffs' property which is the subject of this suit. This includes any correspondence or communications related to the Plaintiffs' property, whether related to this claim or any other claim in the INSURANCE DEFENDANT'S possession. Please produce a privilege log for any items withheld on a claim of privilege.

## XIII.

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek monetary relief, the maximum of which is over $100,000 but not more than $200,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

## XIV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that DEFENDANTS be cited to appear and answer herein; that, on final hearing, Plaintiffs have judgment against DEFENDANTS for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against the INSURANCE DEFENDANT, to which Plaintiffs may be justly entitled.

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone:      (210) 490-7402
Facsimile:      (210) 490-8372

BY: /s/ Jake S. Rogiers
Robert A. Pollom
State Bar No. 24041703
robert@krwlawyers.com
Jake S. Rogiers
State Bar No. 24069066
jake@krwlayers.com

ATTORNEYS FOR PLAINTIFFS

**PLAINTIFFS REQUEST A TRIAL BY JURY**

 **Liberty Mutual**

Centralized Catastrophe Unit
PO Box 1053
Montgomeryville, PA 18936-1053
Office: (866) 542-2287
Fax: (866) 791-7490

| | | | |
|---|---|---|---|
| Insured: | LIANNA PATTERSON & JAMES PATTERSON | Home: | (210) 857-3102 |
| Property: | 2911 SPIDER LILY | E-mail: | liannapatterson@gmail.com |
| | SAN ANTONIO, TX 78258-1616 | | |
| Home: | 2911 SPIDER LILY | | |
| | SAN ANTONIO, TX 78258-1616 | | |

| | | | |
|---|---|---|---|
| Claim Rep.: | Freddie Crumpton | Business: | (866) 823-9636 x 12107 |

| | | | |
|---|---|---|---|
| Claimant: | PATTERSON, LIANNA | Home: | (210) 857-3102 |
| Home: | 2911 SPIDER LILY | | |
| | SAN ANTONIO, TX 78258-1616 | | |

| | | | |
|---|---|---|---|
| Estimator: | Jeffrey S. Allen | Business: | (704) 207-5665 |
| Company: | Safeco Insurance | E-mail: | jeffreys.allen@safeco.com |

**Claim Number:** 034352875-01     **Policy Number:** H3729821170140     **Type of Loss:** Hail

| | | | |
|---|---|---|---|
| Date Contacted: | 9/14/2016 | | |
| Date of Loss: | 3/31/2016 | Date Received: | 9/13/2016 |
| Date Inspected: | 9/24/2016 | Date Entered: | 9/14/2016 2:04 PM |
| Date Est. Completed: | 9/24/2016 8:43 PM | | |

| | |
|---|---|
| Price List: | TXSA8X_SEP16 |
| | Restoration/Service/Remodel |
| Estimate: | LIANNA_PATTERSON_&_J |

*EXHIBIT A*

 **Liberty Mutual**

Centralized Catastrophe Unit
PO Box 1053
Montgomeryville, PA 18936-1053
Office: (866) 542-2287
Fax: (866) 791-7490

In the following pages, you will find the estimated cost of covered repairs to your property.

***For Dwelling and/or Other Structure items:*** The estimated cost of covered repairs to your home is calculated using current local prices that are usual and customary. This estimate is based on the replacement cost of the damaged property, less your policy deductible and any applicable depreciation.

Your current mortgage company may be listed as the payee on payment(s) for the covered repairs to your home. If so, you will need to contact your mortgage company to determine their procedures for processing claims payments. The mortgage company will not be listed on payments for your personal property.

We encourage you to work with a contractor of your choice in completing the repairs to your home. If you or your contractor has any questions or concerns about this estimate, please contact the Centralized Catastrophe Unit at the number shown above. It is important to call us with questions prior to beginning repairs, as any changes in the scope of damages or pricing must be pre-approved by Liberty Mutual Insurance.

***For Personal Property items:*** Prices are calculated utilizing like, kind and quality goods, less any applicable depreciation, policy limits, or other adjustments as outlined in the estimate. For your convenience, we can refer you to vendors who may be able to directly replace many of your lost and/or damaged items.

If you have any questions about this estimate, please do not hesitate to contact us at the numbers provided above.

Thank you for insuring with Liberty Mutual Insurance. We appreciate your business.



**Liberty Mutual**

Centralized Catastrophe Unit
PO Box 1053
Montgomeryville, PA 18936-1053
Office: (866) 542-2287
Fax: (866) 791-7490

**LIANNA_PATTERSON_&_J**

**Source - Eagle View**

**Dwelling**



**Roof**

| | |
|---|---|
| 4711.66 Surface Area | 47.12 Number of Squares |
| 308.53 Total Hip Length | 72.62 Total Ridge Length |

| | QUANTITY | UNIT | TAX | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|---|
| 1. Remove Tear off, haul and dispose of comp. shingles - Laminated | | | | | | | | | |
| | 47.12 SQ | 46.10 | 0.00 | 2,172.23 | 7/30 yrs | Avg. | NA | (0.00) | 2,172.23 |
| 2. Laminated - comp. shingle rfg. - w/ felt | | | | | | | | | |
| | 53.00 SQ | 184.90 | 381.89 | 10,181.59 | 7/30 yrs | Avg. | 23.33% | (2,375.71) | 7,805.88 |

*This line item includes a shingle material allowance of $78.01 per square, which reflects current market prices in your area. Market prices were verified by MRP's Managed Material Program. The MRP Managed Material Program allows you or your contractor of choice to have materials delivered directly to your home for installation. For more information on MRP contact them at: deliveryNOW@MRPprogram.com or 877-949-2444.*

12% waste added for starter strips and ridge caps.

| | QUANTITY | UNIT | TAX | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|---|
| 3. Additional charge for steep roof - 7/12 to 9/12 slope | | | | | | | | | |
| | 39.13 SQ | 29.70 | 0.00 | 1,162.16 | 7/NA | Avg. | 0% | (0.00) | 1,162.16 |
| 4. Additional charge for high roof (2 stories or greater) | | | | | | | | | |
| | 30.44 SQ | 13.12 | 0.00 | 399.37 | 7/NA | Avg. | 0% | (0.00) | 399.37 |
| 5. Drip edge | | | | | | | | | |
| | 420.00 LF | 1.69 | 21.83 | 731.63 | 7/35 yrs | Avg. | 20% | (146.33) | 585.30 |
| 6. Rain cap - 6" | | | | | | | | | |
| | 4.00 EA | 32.80 | 6.93 | 138.13 | 7/35 yrs | Avg. | 20% | (27.63) | 110.50 |
| 7. Digital satellite system - Detach & reset | | | | | | | | | |
| | 1.00 EA | 26.88 | 0.00 | 26.88 | 7/NA | Avg. | 0% | (0.00) | 26.88 |
| 8. Flashing - pipe jack | | | | | | | | | |
| | 13.00 EA | 30.35 | 9.79 | 404.34 | 7/35 yrs | Avg. | 20% | (80.87) | 323.47 |
| 9. Flashing - rain diverter | | | | | | | | | |
| | 4.00 EA | 29.20 | 3.14 | 119.94 | 7/35 yrs | Avg. | 20% | (23.99) | 95.95 |
| 10. R&R Power attic vent cover only - metal | | | | | | | | | |
| | 6.00 EA | 78.60 | 14.78 | 486.38 | 7/7 yrs | Avg. | 75% [M] | (322.54) | 163.84 |
| 11. Valley metal | | | | | | | | | |
| | 170.00 LF | 3.96 | 22.44 | 695.64 | 7/35 yrs | Avg. | 20% | (139.13) | 556.51 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **Totals: Roof** | | | 460.80 | 16,518.29 | | | | 3,116.20 | 13,402.09 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **Total: Dwelling** | | | 460.80 | 16,518.29 | | | | 3,116.20 | 13,402.09 |



**Liberty Mutual**

Centralized Catastrophe Unit
PO Box 1053
Montgomeryville, PA 18936-1053
Office: (866) 542-2287
Fax: (866) 791-7490

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Total:  Source - Eagle View | | 460.80 | 16,518.29 | | | | 3,116.20 | 13,402.09 |

### Front Elevation

| | QUANTITY | UNIT | TAX | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|---|
| 12. R&R Window screen, 1 - 9 SF | | | | | | | | | |
| | 8.00 EA | 36.06 | 19.70 | 308.18 | 7/30 yrs | Avg. | 23.33% | (66.63) | 241.55 |
| 13. R&R Glazing bead - Vinyl | | | | | | | | | |
| | 104.00 LF | 1.91 | 4.98 | 203.62 | 7/18 yrs | Avg. | 38.89% | (68.67) | 134.95 |
| 14. Clean with pressure/chemical spray | | | | | | | | | |
| | 112.00 SF | 0.31 | 2.96 | 37.68 | 7/NA | Avg. | 0% | (0.00) | 37.68 |
| 15. Stain and finish overhead door - Large (per side) | | | | | | | | | |
| | 1.00 EA | 138.75 | 4.02 | 142.77 | 7/15 yrs | Avg. | 46.67% | (66.63) | 76.14 |
| **Totals:  Front Elevation** | | | **31.66** | **692.25** | | | | **201.93** | **490.32** |

### Right Elevation

| | QUANTITY | UNIT | TAX | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|---|
| No storm related damages observed | | | | | | | | | |
| **Totals: Right Elevation** | | | **0.00** | **0.00** | | | | **0.00** | **0.00** |

### Rear Elevation

| | QUANTITY | UNIT | TAX | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|---|
| No storm related damages observed | | | | | | | | | |
| **Totals:  Rear Elevation** | | | **0.00** | **0.00** | | | | **0.00** | **0.00** |

### Left Elevation

| | QUANTITY | UNIT | TAX | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|---|
| 16. R&R Window screen, 1 - 9 SF | | | | | | | | | |
| | 3.00 EA | 36.06 | 7.39 | 115.57 | 7/30 yrs | Avg. | 23.33% | (24.98) | 90.59 |



**Liberty Mutual**

Centralized Catastrophe Unit
PO Box 1053
Montgomeryville, PA 18936-1053
Office: (866) 542-2287
Fax: (866) 791-7490

### CONTINUED - Left Elevation

| | QUANTITY | UNIT | TAX | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|---|
| 17. R&R Glazing bead - Vinyl | | | | | | | | | |
| | 36.00 LF | 1.91 | 1.72 | 70.48 | 7/18 yrs | Avg. | 38.89% | (23.77) | 46.71 |
| **Totals: Left Elevation** | | | 9.11 | 186.05 | | | | 48.75 | 137.30 |

#### Pergola

| | QUANTITY | UNIT | TAX | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|---|
| 18. Clean with pressure/chemical spray | | | | | | | | | |
| | 309.00 SF | 0.31 | 8.17 | 103.96 | 1/NA | Avg. | 0% | <0.00> | 103.96 |
| 19. Stain - wood pergola roof* | | | | | | | | | |
| | 309.00 SF | 0.60 | 4.59 | 189.99 | 1/15 yrs | Avg. | 6.67% | <12.67> | 177.32 |
| **Totals: Pergola** | | | 12.76 | 293.95 | | | | 12.67 | 281.28 |

#### Debris Removal

| | QUANTITY | UNIT | TAX | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|---|
| 20. Haul debris - per pickup truck load - including dump fees | | | | | | | | | |
| | 1.00 EA | 122.12 | 0.00 | 122.12 | 0/NA | Avg. | NA | (0.00) | 122.12 |
| **Totals: Debris Removal** | | | 0.00 | 122.12 | | | | 0.00 | 122.12 |
| **Line Item Totals: LIANNA_PATTERSON_&_J** | | | 514.33 | 17,812.66 | | | | 3,379.55 | 14,433.11 |

[%] - Indicates that depreciate by percent was used for this item
[M] - Indicates that the depreciation percentage was limited by the maximum allowable depreciation for this item

 **Liberty Mutual**

Centralized Catastrophe Unit
PO Box 1053
Montgomeryville, PA 18936-1053
Office: (866) 542-2287
Fax: (866) 791-7490

## Grand Total Areas:

| | | | | | |
|---|---|---|---|---|---|
| 0.00 | SF Walls | 0.00 | SF Ceiling | 0.00 | SF Walls and Ceiling |
| 0.00 | SF Floor | 0.00 | SY Flooring | 0.00 | LF Floor Perimeter |
| 0.00 | SF Long Wall | 0.00 | SF Short Wall | 0.00 | LF Ceil. Perimeter |
| 0.00 | Floor Area | 0.00 | Total Area | 0.00 | Interior Wall Area |
| 3,707.20 | Exterior Wall Area | 0.00 | Exterior Perimeter of Walls | | |
| 4,711.66 | Surface Area | 47.12 | Number of Squares | 478.87 | Total Perimeter Length |
| 72.62 | Total Ridge Length | 308.53 | Total Hip Length | | |

| Coverage | Item Total | % | ACV Total | % |
|---|---|---|---|---|
| Dwelling | 17,518.71 | 98.35% | 14,151.83 | 98.05% |
| Contents | 0.00 | 0.00% | 0.00 | 0.00% |
| Other Structures | 293.95 | 1.65% | 281.28 | 1.95% |
| Loss of Use | 0.00 | 0.00% | 0.00 | 0.00% |
| Total | 17,812.66 | 100.00% | 14,433.11 | 100.00% |



**Liberty Mutual**

Centralized Catastrophe Unit
PO Box 1053
Montgomeryville, PA 18936-1053
Office: (866) 542-2287
Fax: (866) 791-7490

## Summary for Dwelling

| | |
|---|---:|
| Line Item Total | 17,017.14 |
| Material Sales Tax | 498.61 |
| Cleaning Mtl Tax | 0.09 |
| | |
| Subtotal | 17,515.84 |
| Cleaning Sales Tax | 2.87 |
| | |
| **Replacement Cost Value** | **$17,518.71** |
| Less Depreciation | (3,366.88) |
| | |
| **Actual Cash Value** | **$14,151.83** |
| Less Deductible | (5,533.00) |
| | |
| **Net Claim** | **$8,618.83** |
| | |
| Total Recoverable Depreciation | 3,366.88 |
| | |
| **Net Claim if Depreciation is Recovered** | **$11,985.71** |

Jeffrey S. Allen



**Liberty Mutual**

Centralized Catastrophe Unit
PO Box 1053
Montgomeryville, PA 18936-1053
Office: (866) 542-2287
Fax: (866) 791-7490

## Summary for Other Structures

| | |
|---|---:|
| Line Item Total | 281.19 |
| Material Sales Tax | 4.59 |
| Cleaning Mtl Tax | 0.25 |
| | |
| Subtotal | 286.03 |
| Cleaning Sales Tax | 7.92 |
| | |
| **Replacement Cost Value** | **$293.95** |
| Less Non-recoverable Depreciation | <12.67> |
| | |
| **Actual Cash Value** | **$281.28** |
| **Net Claim** | **$281.28** |

_____
Jeffrey S. Allen

 **Liberty Mutual**

Centralized Catastrophe Unit
PO Box 1053
Montgomeryville, PA 18936-1053
Office: (866) 542-2287
Fax: (866) 791-7490

## Recap of Taxes

|  | Material Sales Tax (8.25%) | Cleaning Mtl Tax (8.25%) | Cleaning Sales Tax (8.25%) | Manuf. Home Tax (5%) | Storage Rental Tax (8.25%) |
|---|---|---|---|---|---|
| Line Items | 503.20 | 0.34 | 10.79 | 0.00 | 0.00 |
| Total | 503.20 | 0.34 | 10.79 | 0.00 | 0.00 |

 **Liberty Mutual**

Centralized Catastrophe Unit
PO Box 1053
Montgomeryville, PA 18936-1053
Office: (866) 542-2287
Fax: (866) 791-7490

## Recap by Room

**Estimate: LIANNA_PATTERSON_&_J**

**Area: Source - Eagle View**

**Area: Dwelling**

| | | | | |
|---|---|---|---|---|
| **Roof** | | | **16,057.49** | **92.83%** |
| Coverage: Dwelling | 100.00% | = | 16,057.49 | |
| | | | | |
| **Area Subtotal:  Dwelling** | | | **16,057.49** | **92.83%** |
| Coverage: Dwelling | 100.00% | = | 16,057.49 | |
| | | | | |
| **Area Subtotal:  Source - Eagle View** | | | **16,057.49** | **92.83%** |
| Coverage: Dwelling | 100.00% | = | 16,057.49 | |
| **Front Elevation** | | | **660.59** | **3.82%** |
| Coverage: Dwelling | 100.00% | = | 660.59 | |
| **Left Elevation** | | | **176.94** | **1.02%** |
| Coverage: Dwelling | 100.00% | = | 176.94 | |
| **Pergola** | | | **281.19** | **1.63%** |
| Coverage: Other Structures | 100.00% | = | 281.19 | |
| **Debris Removal** | | | **122.12** | **0.71%** |
| Coverage: Dwelling | 100.00% | = | 122.12 | |

| | | | | |
|---|---|---|---|---|
| **Subtotal of Areas** | | | **17,298.33** | **100.00%** |
| Coverage: Dwelling | 98.37% | = | 17,017.14 | |
| Coverage: Other Structures | 1.63% | = | 281.19 | |

| | | | | |
|---|---|---|---|---|
| **Total** | | | **17,298.33** | **100.00%** |

 **Liberty Mutual**

Centralized Catastrophe Unit
PO Box 1053
Montgomeryville, PA 18936-1053
Office: (866) 542-2287
Fax: (866) 791-7490

## Recap by Category with Depreciation

| Items | | | RCV | Deprec. | ACV |
|---|---|---|---|---|---|
| **CLEANING** | | | 130.51 | | 130.51 |
| Coverage: Dwelling | @ | 26.60% = | 34.72 | | |
| Coverage: Other Structures | @ | 73.40% = | 95.79 | | |
| **GENERAL DEMOLITION** | | | 2,418.22 | | 2,418.22 |
| Coverage: Dwelling | @ | 100.00% = | 2,418.22 | | |
| **PAINTING** | | | 324.15 | 77.11 | 247.04 |
| Coverage: Dwelling | @ | 42.80% = | 138.75 | | |
| Coverage: Other Structures | @ | 57.20% = | 185.40 | | |
| **ROOFING** | | | 13,828.92 | 3,003.16 | 10,825.76 |
| Coverage: Dwelling | @ | 100.00% = | 13,828.92 | | |
| **WINDOW REGLAZING & REPAIR** | | | 596.53 | 175.12 | 421.41 |
| Coverage: Dwelling | @ | 100.00% = | 596.53 | | |
| **Subtotal** | | | 17,298.33 | 3,255.39 | 14,042.94 |
| **Material Sales Tax** | | | 503.20 | 124.16 | 379.04 |
| Coverage: Dwelling | @ | 99.09% = | 498.61 | | |
| Coverage: Other Structures | @ | 0.91% = | 4.59 | | |
| **Cleaning Mtl Tax** | | | 0.34 | | 0.34 |
| Coverage: Dwelling | @ | 26.47% = | 0.09 | | |
| Coverage: Other Structures | @ | 73.53% = | 0.25 | | |
| **Cleaning Sales Tax** | | | 10.79 | | 10.79 |
| Coverage: Dwelling | @ | 26.60% = | 2.87 | | |
| Coverage: Other Structures | @ | 73.40% = | 7.92 | | |
| **Total** | | | 17,812.66 | 3,379.55 | 14,433.11 |

Any person who knowingly, and with the intent to injure, defraud or deceive, submits information to an insurer that is false, incomplete or misleading, may be guilty of a crime.

CAUSE NO. _____

| | | |
|---|---|---|
| LIANNA PATTERSON AND | § | IN THE DISTRICT COURT |
| JAMES PATTERSON | § | |
| | § | |
| V. | § | |
| | § | _____ JUDICIAL DISTRICT |
| LIBERTY MUTUAL INSURANCE | § | |
| CORPORATION AND | § | |
| JEFFREY ALLEN | § | BEXAR COUNTY, TEXAS |

### PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT LIBERTY MUTUAL INSURANCE CORPORATION

TO:   LIBERTY MUTUAL INSURANCE CORPORATION, by and through its registered agent, Corporation Service Company, 211 East 7th, Ste. 620, Austin, Texas 78701.

Pursuant to Rule 197 of the Texas Rules of Civil Procedure, Plaintiffs requests that the above-named Defendant, LIBERTY MUTUAL INSURANCE CORPORATION (hereinafter referred to as "Defendant"), disclose, within thirty (50) days after the date of service of this request, the information or material described in the following set of interrogatories.

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone:      (210) 490-7402
Facsimile:      (210) 490-8372

BY:   /s/ Robert A. Pollom_____
ROBERT A. POLLOM
State Bar No. 24041703
robert@krwlawyers.com
JAKE ROGIERS
State Bar No. 24069066
jake@krwlawyers.com

ATTORNEYS FOR PLAINTIFFS

Page 1 of 10

## INSTRUCTIONS

1.      Answer each request for documents separately by listing the documents and by describing them as defined below. If documents are numbered for production, in each response provide both the information that identifies the document and the document's number(s). There is a duty to supplement any answer made to the request for documents when the original answer is no longer true, or was incorrect or incomplete when made.

2.      For each document or other requested information that you assert is privileged or is not discoverable, identify that document or other requested information. State the specific grounds for the claim of privilege or other applicable ground for exclusion. Also, for each document you claim is not discoverable, state the date of the document, the name, job title, and address of the person who prepared it; the name, address and job title of the person to whom it was addressed, circulated, or who saw it; the name, job title, and address of the person now in possession of the document; a description of the subject matter of the document; the document's present location; and the custodian for the document.

3.      For a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence or could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

4.      The documents produced pursuant to the following requests for documents are considered to be authentic unless a proper objection is asserted as to the documents' authenticity under the Texas Rules of Civil Procedure.

## DEFINITIONS

The following definitions shall have the following meanings, unless the context of the requests for documents require otherwise:

1.     "PLAINTIFFS" means LIANNA PATTERSON and JAMES PATTERSON, along with their family members, agents, representatives, and all other persons acting in concert with them, or under their control, whether directly or indirectly, including any attorney.

2.     "DEFENDANT," means LIBERTY MUTUAL INSURANCE CORPORATION, along with its agents, representatives, and all other persons acting in concert with it, or under its control, whether directly or indirectly, including any attorney.

3.     "DOCUMENT," "DOCUMENTS" and "DOCUMENTATION" are used in their broadest sense and mean all written, printed, typed, recorded, or graphic matter of every kind and description, source and authorship, both originals and all nonidentical copies thereof, and all written, printed, typed, recorded, or graphic matter of every kind and description, both originals and copies, and all attachments and appendices thereto, in your possession, custody or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you; or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative or private entity or person. Without limiting the foregoing, the terms "document" and "documents" include handwritten, typewritten, printed, photocopied, photographic or recorded, stenographic, computer-generated, computer-installed or electronically stored matters, however and by whomever produced, prepared, reproduced, disseminated or made, and includes communications in words, symbols, pictures, sound recordings, films, tapes and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instruction and other materials necessary to understand and use such systems. For purposes of illustration and no limitation, "documents" includes: accounts; advertising; affidavits; agendas; agreements; analyses; analytical records; announcements; appointment books; appraisals; articles; bills; statements and other records of obligations and expenditures; books; brochures; bulletins; calendars; checks; cancelled checks, vouchers, receipts and other records of payments; charts, drawings; check registers; checkbooks; circulars; collateral files and contents; communications; compilations; confirmations; consultant's reports; contracts; corporate by-laws; corporate charters; correspondence; credit files and contents; data compilations from which information can be obtained (including matter used in data processing); deeds of trust; deposit slips, diaries, diary entries; drafts; envelopes; folders or similar containers; expense reports; facsimile transmissions; files; film tape; financial statements; forecasts; graphs; guaranty agreements; instructions, invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; letters of credit; lists; log books; logs, notes or memoranda of telephonic or face-to-face conversations; manuals; maps, marginal notations; memoranda of all kinds to and from any persons, agencies or entities; messages; microfilm; microfiche; minutes; minute books; notes; notebooks; notices; pamphlets; parts lists; papers; photographs, press releases; printed

matter (including published books, articles, speeches and newspaper clippings); printouts; programs; punch cards; purchase orders; receipts; recommendations; records; records of administrative, technical and financial actions taken or recommenced; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; sell orders; sound recordings; specifications; speeches; statement of bank accounts; statements, interviews; statistical data; statistical statements, stock transfer ledger; studies; surveys; tables; tabulations; tape or disk recordings; tape programs; technical and engineering reports, evaluations; advice; recommendations; commentaries; conclusions; studies; test plans; manuals; procedures; data; reports; results and conclusions; summaries, minutes, notes and other records and recording of any conference, meetings, visits, negotiations, statement, interviews or telephone conversations; other summaries; telegrams; teletypes, telexes and other communications sent or received; time records; telephone bills or records; trade letters; transcripts of hearings; transcripts of testimony; UCC instruments; video recordings; visitor records; vouchers; work assignments; work sheets; work papers; and all other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored or electronically stored matter, however or by whomever produced, prepared, reproduced, disseminated or made, the contents of which relate to, discuss, consider or otherwise refer to the subject matter of the particular discovery requested.

4.     "PERSON" includes individuals, associates of individuals, partnerships, joint-stock companies, corporations, or trustee or receiver of an individual, association of individuals, joint-stock company or corporation, and any other type of entity or institution, whether formed for business or any other purposes.

5.     "PARTY" shall mean any party whomsoever to the dispute, and includes each party's agents, employees, attorneys, representatives, predecessors, successors, affiliates, partners, officers, directors, principals and any and all other persons acting or purporting to act on the party's behalf or under the party's control. For purposes of the duty to supplement, the term also includes entities, which become parties subsequent to the date this request for documents is served.

6.     "RELATING TO" and or "RELATES TO" means in whole or in part constituting, containing, concerning, embodying, reflecting, describing, analyzing, identifying, stating, referring to, or dealing with, or in any way pertaining to.

7.     "CONCERNING" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, and constituting.

8.     "COMMUNICATION" means the transmission, sending and/or receipt of information of any kind by or through any means, including but not limited to speech, writings, language (machine, foreign or otherwise), computer electronics of any kind (e.g., email), magnetic tape, videotape, photographs, graphs, symbols, signs, magnetic or optical disks, "floppy disks", CD-ROM disks, sound, radio or video signals, telecommunication, telephone teletype, facsimile, telegraph, microfilm, microfiche, photographic film of any type and other media of any kind. The term "communication" also includes, without limitations, all "records" (as hereafter defined) and all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, notices, requests, responses, demands, complaints, and press, publicity or trade releases.

9.      "RECORD(S)" means all documents and writings of any kind, and all communications (as defined above) which are stored or retrievable or recorded in any manner, including originals and all non-identical copies whether different from the originals by notation made on such copies or otherwise, all drafts, alterations, modifications, changes and amendments, graphic or any electronic or mechanical records or representation of any kind, created during the period 2000 to present. Any electronic records or computer data which may exist shall be produced in ASCii comma delimited to fixed length filed format and shall include all files, records, instructions, codes or other information necessary to retrieve the data. Electronic data should be produced in Microsoft Access 95 or Microsoft Access 95, 97 or.2000 (MDB) formal, Dbase (DU) format, Excel (xls) format or ASCii comma delimited or fixed length format (txt) and shall include all file, record and field format definitions and the instructions, codes or information necessary to retrieve the data. Such electronic data should be provided on one of the following media. Zip disk, Jaz disk, CD-ROM or 3.5" floppy disk.

10.     "DATE" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

11.     "DESCRIBE" and "IDENTIFY," when referring to a person, require statements of the following:

a       The full name.
b.      The present or last known residential address.
c.      The present or last known residential and office telephone numbers.
d.      The present occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular request.
e.      In the case of any person other than an individual, identify the officer, employee, or agent most closely connected with the subject matter of the request and identify the officer who is responsible for supervising that officer or employee.

12.     "DESCRIBE" and IDENTIFY," when referring to a document, are defined to require that you state the following:

a.      The nature (e.g., letter, handwritten note) of the document
b.      The title or heading that appears on the document
c       The date of the document and the date of each addendum supplement, or other addition or change.
d       The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.

e       The present location of the document, and the name, address, position, or title, and telephone number of the person or person having custody of the document.

13.     The words "AND" and "OR" should be construed either conjunctively or disjunctively as required by the context to bring within the scope of these discovery requests any answer, response or document that might be deemed outside its scope by another construction.

14.     "PERTAINS TO" or "PERTAINING TO" means relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, supports, corroborates, demonstrates, proves, evidences, shows, reflects, refutes, disputes, rebuts, controverts or contradicts.

15.     "RESIDENCE" and/or "PROPERTY" refers to the home located at 2911 Spider Lily, San Antonio, Texas 78258.

## PLAINTIFFS' FIRST SET OF ADMISSIONS TO DEFENDANT LIBERTY MUTUAL INSURANCE CORPORATION

**REQUEST FOR ADMISSION NO. 1**
Defendant's principal place of business is in Texas.

**REQUEST FOR ADMISSION NO. 2**
Defendant conducts the business of insurance in Texas.

**REQUEST FOR ADMISSION NO. 3**
Defendant insured Plaintiffs' property that makes the basis of this lawsuit.

**REQUEST FOR ADMISSION NO. 4**
Defendant insured Plaintiffs' property against wind and hail damage.

**REQUEST FOR ADMISSION NO. 5**
Plaintiffs' property sustained wind damage as a result of the windstorm that makes the basis of this lawsuit.

**REQUEST FOR ADMISSION NO. 6**
Plaintiffs roof sustained wind damage as a result of the windstorm that makes the basis of this lawsuit.

**REQUEST FOR ADMISSION NO. 7**
The windstorm created openings in Plaintiffs roof whereby water leaked into the interior of Plaintiffs' Property causing damage.

**REQUEST FOR ADMISSION NO. 8**
As a result of water leaking into Plaintiffs' Property, Plaintiffs' personal property was damaged.

**REQUEST FOR ADMISSION NO. 9**
The exterior of Plaintiffs' Property sustained wind damage as a result of the windstorm that makes the basis of this lawsuit.

**REQUEST FOR ADMISSION NO. 10**
The windstorm that damaged Plaintiffs' property was a covered occurrence under Plaintiffs' insurance policy with the Defendant insurance company.

**REQUEST FOR ADMISSION NO. 11**
Plaintiffs' property sustained hail damage as a result of the hailstorm that makes the basis of this lawsuit.

**REQUEST FOR ADMISSION NO. 12**
Plaintiffs roof sustained hail damage as a result of the hailstorm.

**REQUEST FOR ADMISSION NO. 13**
The exterior of Plaintiffs' Property sustained hail damage as a result of the hailstorm.

**REQUEST FOR ADMISSION NO. 14**
Plaintiffs' personal property was damaged as a result of the hailstorm.

**REQUEST FOR ADMISSION NO. 15**
The hailstorm that damaged Plaintiffs' property was a covered occurrence under Plaintiffs' insurance policy with the Defendant insurance company.

**REQUEST FOR ADMISSION NO. 16**
Defendant did a substandard and quick investigation in the handling of Plaintiffs' claim.

**REQUEST FOR ADMISSION NO. 17**
Defendant improperly and unreasonably adjusted Plaintiffs' claim.

**REQUEST FOR ADMISSION NO. 18**
Defendant performed an outcome-oriented investigation of Plaintiffs' claim.

**REQUEST FOR ADMISSION NO. 19**
Defendant did not take photos of the property in regard to Plaintiffs' claim.

**REQUEST FOR ADMISSION NO. 20**
Defendant did not conduct a reasonable investigation of Plaintiffs damage.

**REQUEST FOR ADMISSION NO. 21**
Defendant misrepresented the amount of damages sustained to Plaintiffs' Property.

**REQUEST FOR ADMISSION NO. 22**
Defendant has unreasonably delayed payment to the Plaintiffs and failed to fairly settle Plaintiffs' claim even though liability was reasonably clear.

**REQUEST FOR ADMISSION NO. 23**
Defendant was not open and honest in their adjustment of Plaintiffs' claim.

**REQUEST FOR ADMISSION NO. 24**
Defendant failed to make an attempt to settle Plaintiffs' claim in a fair manner.

**REQUEST FOR ADMISSION NO. 25**
Defendant misrepresented to Plaintiffs that the damage to Plaintiffs' Property was not covered under the Policy.

**REQUEST FOR ADMISSION NO. 26**
Defendant misrepresented to Plaintiffs that the damage to Plaintiffs' property did not need to be replaced.

**REQUEST FOR ADMISSION NO. 27**
Defendant was aware that the damage to Plaintiffs' property warranted replacement and not repair.

**REQUEST FOR ADMISSION NO. 28**
Defendant took advantage of Plaintiffs lack of knowledge and inexperience.

**REQUEST FOR ADMISSION NO. 29**
Defendant engaged in false, misleading, and deceptive acts or practices in the business of insurance in the handling of Plaintiffs' claim.

**REQUEST FOR ADMISSION NO. 30**
Defendant made material false representations and/or material false promises to Plaintiffs.

**REQUEST FOR ADMISSION NO. 31**
Defendant intended that Plaintiffs would rely on Defendant's false representations.

**REQUEST FOR ADMISSION NO. 32**
Plaintiffs did reasonably rely on Defendant's false representations to Plaintiffs detriment.

**REQUEST FOR ADMISSION NO. 33**
Defendant breached its insurance contract with Plaintiffs.

**REQUEST FOR ADMISSION NO. 34**
Defendant failed to provide its adjuster with policies, guidelines, and/or materials pertaining to the lawful handling of insurance claims.

**REQUEST FOR ADMISSION NO. 35**
Defendant purposefully denied and/or underpaid Plaintiffs' claim in order to continue making profit off of Plaintiffs.

**REQUEST FOR ADMISSION NO. 36**
It was reasonably clear that Plaintiffs damages exceeded his deductible.

**REQUEST FOR ADMISSION NO. 37**
Defendant provides incentives and/or bonuses to its adjusters for closing out claims without adequate payment.

**REQUEST FOR ADMISSION NO. 38**
Defendant provided a bonus to its adjuster in relation to Plaintiffs' claim.

**REQUEST FOR ADMISSION NO. 39**
Defendant has been reported to the Texas Department of Insurance for the mishandling of claims in the last 5 years.

**REQUEST FOR ADMISSION NO. 40**
Defendant Adjuster has been sued in the past 5 years for the mishandling of claims.

**REQUEST FOR ADMISSION NO. 41**
Defendant has a duty to pay for damages covered under the Policy that are not otherwise excluded.

**REQUEST FOR ADMISSION NO. 42**
Defendant has a duty to conduct a reasonable investigation.

**REQUEST FOR ADMISSION NO. 43**
Under the terms of the Policy, Defendant has a duty to conduct a reasonable investigation.

**REQUEST FOR ADMISSION NO. 44**
While handling a claim that is covered under Defendant's policy, Defendant has a duty to give its insureds the benefit of the doubt.

**REQUEST FOR ADMISSION NO. 45**
Defendant excluded coverage in regard to Plaintiffs' claim without any reasonable basis.

**REQUEST FOR ADMISSION NO. 46**
With regard to Plaintiffs' claim, Defendant's adjuster had no specialized certifications or qualifications adjusting wind related insurance claims.

**REQUEST FOR ADMISSION NO. 47**
With regard to Plaintiffs' claim, Defendant's adjuster had no specialized certifications or qualifications adjusting hail related insurance claims.

CAUSE NO. _____

| | | |
|---|---|---|
| LIANNA PATTERSON AND | § | IN THE DISTRICT COURT |
| JAMES PATTERSON | § | |
| | § | |
| V. | § | |
| | § | _____ JUDICIAL DISTRICT |
| LIBERTY MUTUAL INSURANCE | § | |
| CORPORATION AND | § | |
| JEFFREY ALLEN | § | BEXAR COUNTY, TEXAS |

### PLAINTIFFS' REQUEST FOR PRODUCTION TO DEFENDANT LIBERTY MUTUAL INSURANCE CORPORATION

TO:    LIBERTY MUTUAL INSURANCE CORPORATION, by and through its registered agent, Corporation Service Company, 211 East 7th, Ste. 620, Austin, Texas 78701.

Pursuant to Rule 197 of the Texas Rules of Civil Procedure, Plaintiffs requests that the above-named Defendant, LIBERTY MUTUAL INSURANCE CORPORATION (hereinafter referred to as "Defendant"), disclose, within thirty (50) days after the date of service of this request, the information or material described in the following set of interrogatories.

Respectfully submitted,
KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone:    (210) 490-7402
Facsimile:    (210) 490-8372


BY:    /s/ Robert A. Pollom_____
ROBERT A. POLLOM
State Bar No. 24041703
robert@krwlawyers.com
Jake S. Rogiers
State Bar No. 24069066
jake@krwlawyers.com

ATTORNEYS FOR PLAINTIFFS

## INSTRUCTIONS

1.    Answer each request for documents separately by listing the documents and by describing them as defined below. If documents are numbered for production, in each response provide both the information that identifies the document and the document's number(s). There is a duty to supplement any answer made to the request for documents when the original answer is no longer true, or was incorrect or incomplete when made.

2.    For each document or other requested information that you assert is privileged or is not discoverable, identify that document or other requested information. State the specific grounds for the claim of privilege or other applicable ground for exclusion. Also, for each document you claim is not discoverable, state the date of the document, the name, job title, and address of the person who prepared it; the name, address and job title of the person to whom it was addressed, circulated, or who saw it; the name, job title, and address of the person now in possession of the document; a description of the subject matter of the document; the document's present location; and the custodian for the document.

3.    For a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence or could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

4.    The documents produced pursuant to the following requests for documents are considered to be authentic unless a proper objection is asserted as to the documents' authenticity under the Texas Rules of Civil Procedure.

DEFINITIONS

The following definitions shall have the following meanings, unless the context of the requests for documents require otherwise:

1.     "PLAINTIFFS'" means LIANNA PATTERSON and JAMES PATTERSON, along with their family members, agents, representatives, and all other persons acting in concert with them, or under their control, whether directly or indirectly, including any attorney.

2.     "DEFENDANT," means LIBERTY MUTUAL INSURANCE CORPORATION, along with its agents, representatives, and all other persons acting in concert with it, or under its control, whether directly or indirectly, including any attorney.

3.     "DOCUMENT," "DOCUMENTS" and "DOCUMENTATION" are used in their broadest sense and mean all written, printed, typed, recorded, or graphic matter of every kind and description, source and authorship, both originals and all nonidentical copies thereof, and all written, printed, typed, recorded, or graphic matter of every kind and description, both originals and copies, and all attachments and appendices thereto, in your possession, custody or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative or private entity or person. Without limiting the foregoing, the terms "document" and "documents" include handwritten, typewritten, printed, photocopied, photographic or recorded, stenographic, computer-generated, computer-installed or electronically stored matters, however and by whomever produced, prepared, reproduced, disseminated or made, and includes communications in words, symbols, pictures, sound recordings, films, tapes and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instruction and other materials necessary to understand and use such systems. For purposes of illustration and no limitation, "documents" includes: accounts; advertising; affidavits; agendas; agreements; analyses; analytical records; announcements; appointment books; appraisals; articles; bills; statements and other records of obligations and expenditures; books; brochures; bulletins; calendars; checks; cancelled checks, vouchers, receipts and other records of payments; charts, drawings; check registers; checkbooks; circulars; collateral files and contents; communications; compilations; confirmations; consultant's reports; contracts; corporate by-laws; corporate charters; correspondence; credit files and contents; data compilations from which information can be obtained (including matter used in data processing); deeds of trust; deposit slips, diaries, diary entries; drafts; envelopes; folders or similar containers; expense reports; facsimile transmissions; files; film tape; financial statements; forecasts; graphs; guaranty agreements; instructions, invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; letters of credit; lists; log books; logs, notes or memoranda of telephonic or face-to-face conversations; manuals; maps, marginal notations; memoranda of all kinds to and from any persons, agencies or entities; messages; microfilm; microfiche; minutes; minute books; notes; notebooks; notices; pamphlets; parts lists; papers; photographs; press releases; printed matter (including published books, articles, speeches and newspaper clippings); printouts; programs; punch cards; purchase orders; receipts; recommendations; records; records of administrative, technical and financial actions taken or recommenced; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; sell orders; sound recordings; specifications; speeches;

statement of bank accounts; statements, interviews; statistical data; statistical statements, stock transfer ledger; studies; surveys; tables; tabulations; tape or disk recordings; tape programs; technical and engineering reports, evaluations; advice; recommendations; commentaries; conclusions; studies; test plans; manuals; procedures; data; reports; results and conclusions; summaries, minutes, notes and other records and recording of any conference, meetings, visits, negotiations, statement, interviews or telephone conversations; other summaries; telegrams; teletypes, telexes and other communications sent or received; time records; telephone bills or records; trade letters; transcripts of hearings; transcripts of testimony; UCC instruments; video recordings; visitor records; vouchers; work assignments; work sheets; work papers; and all other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored or electronically stored matter, however or by whomever produced, prepared, reproduced, disseminated or made, the contents of which relate to, discuss, consider or otherwise refer to the subject matter of the particular discovery requested.

4.      "PERSON" includes individuals, associates of individuals, partnerships, joint-stock companies, corporations, or trustee or receiver of an individual, association of individuals, joint-stock company or corporation, and any other type of entity or institution, whether formed for business or any other purposes.

5.      "PARTY" shall mean any party whomsoever to the dispute, and includes each party's agents, employees, attorneys, representatives, predecessors, successors, affiliates, partners, officers, directors, principals and any and all other persons acting or purporting to act on the party's behalf or under the party's control. For purposes of the duty to supplement, the term also includes entities, which become parties subsequent to the date this request for documents is served.

6.      "RELATING TO" and or "RELATES TO" means in whole or in part constituting, containing, concerning, embodying, reflecting, describing, analyzing, identifying, stating, referring to, or dealing with, or in any way pertaining to.

7.      "CONCERNING" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, and constituting.

8.      "COMMUNICATION" means the transmission, sending and/or receipt of information of any kind by or through any means, including but not limited to speech, writings, language (machine, foreign or otherwise), computer electronics of any kind (e.g., email), magnetic tape, videotape, photographs, graphs, symbols, signs, magnetic or optical disks, "floppy disks", CD-ROM disks, sound, radio or video signals, telecommunication, telephone teletype, facsimile, telegraph, microfilm, microfiche, photographic film of any type and other media of any kind. The term "communication" also includes, without limitations, all "records" (as hereafter defined) and all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, notices, requests, responses, demands, complaints, and press, publicity or trade releases.

9.     "RECORD(S)" means all documents and writings of any kind, and all communications (as defined above) which are stored or retrievable or recorded in any manner, including originals and all non-identical copies whether different from the originals by notation made on such copies or otherwise, all drafts, alterations, modifications, changes and amendments, graphic or any electronic or mechanical records or representation of any kind, created during the period 2000 to present. Any electronic records or computer data which may exist shall be produced in ASCii comma delimited to fixed length filed format and shall include all files, records, instructions, codes or other information necessary to retrieve the data. Electronic data should be produced in Microsoft Access 95 or Microsoft Access 95, 97 or.2000 (MDB) formal, Dbase (DU) format, Excel (xls) format or ASCii comma delimited or fixed length format (txt) and shall include all file, record and field format definitions and the instructions, codes or information necessary to retrieve the data. Such electronic data should be provided on one of the following media. Zip disk, Jaz disk, CD-ROM or 3.5" floppy disk.

10.    "DATE" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

11.    "DESCRIBE" and "IDENTIFY," when referring to a person, require statements of the following:

    a.    The full name.
    b.    The present or last known residential address.
    c.    The present or last known residential and office telephone numbers.
    d.    The present occupation, job title, employer, and employer's address at the time of the event   or period referred to in each particular request.
    e.    In the case of any person other than an individual, identify the officer, employee, or agent   most closely connected with the subject matter of the request and identify the officer who is  responsible for supervising that officer or employee.

12.    "DESCRIBE" and IDENTIFY," when referring to a document, are defined to require that you state the following:

    a.    The nature (e.g., letter, handwritten note) of the document
    b.    The title or heading that appears on the document
    c.    The date of the document and the date of each addendum supplement, or other addition or change.
    d.    The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.
    e.    The present location of the document, and the name, address, position, or title, and telephone number of the person or person having custody of the document.

13.    The words "AND" and "OR" should be construed either conjunctively or disjunctively as required by the context to bring within the scope of these discovery requests any answer, response or document that might be deemed outside its scope by another construction.

14.     "PERTAINS TO" or "PERTAINING TO" means relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, supports, corroborates, demonstrates, proves, evidences, shows, reflects, refutes, disputes, rebuts, controverts or contradicts.

15.     "RESIDENCE" and/or "PROPERTY" refers to the home located at 2911 Spider Lily, San Antonio, Texas 78258.

## PLAINTIFFS' REQUEST FOR PRODUCTION TO DEFENDANT LIBERTY MUTUAL INSURANCE CORPORATION

1.      The insurance policy in effect on the date of Plaintiffs' claim(s) making the basis of this suit.

RESPONSE:

2.      The entire claims investigation files generated and maintained by Defendant in the ordinary course of business pertaining to Plaintiffs' claim(s) making the basis of this lawsuit.

RESPONSE:

3.      All training and educational materials which instruct Defendant's claims adjusters or claims handlers in handling claims for property damage coverage under Defendant's homeowners' insurance policies in Texas. This request is limited to the last five (5) years.

RESPONSE:

4.      All training and educational materials which instruct claims adjusters or claims handlers in handling claims for coverage for property damage, hurricane damage, hail, water damage, roof and/or wind damage under Defendant's homeowners' insurance policies in Texas. This request is limited to the last five (5) years.

RESPONSE:

5.      All procedure or policy manuals or guides meant to guide and assist Defendant's claims adjusters or claims handlers in handling claims for property damage, including the criteria for and the process for evaluating whether coverage exists under Defendant's homeowners' insurance policies in Texas. This request is limited to the last five (5) years.

RESPONSE:

6.      All procedure or policy manuals or guides meant to guide and assist Defendant's claims adjusters or claims handlers in handling claims for property damage, hurricane damage, hail, water damage, roof damages, and/or wind damage to the house, including the criteria, for and the process for, evaluating whether coverage exists under Defendant's homeowners' insurance policies in Texas. This request is limited to the last five (5) years.

RESPONSE:

7.      All communications and documents, including electronic, between Defendant and Plaintiffs regarding Plaintiffs' claim(s).

RESPONSE:

8. All communications and documents, including electronic, between Defendant and any third party regarding Plaintiffs' claim(s).

RESPONSE:

9. All communications and documents, including electronic, between Defendant and any other Defendant(s) regarding Plaintiffs' claim(s).

RESPONSE:

10. All communications and documents, including electronic, between Defendant's business departments, including all persons part of the Defendant company, regarding Plaintiffs' claim(s).

RESPONSE:

11. All communications and documents Defendant sent to any other Defendant(s) in this cause of action regarding Plaintiffs or the Property, after Plaintiffs' claim(s) for coverage.

RESPONSE:

12. All photographs, diagrams, drawings, or other graphic depictions of Plaintiffs or the Property made the basis of this lawsuit.

RESPONSE:

13. Any and all documents, reports, data, emails, notes, photos, videos, manuals, guides, and summaries, regarding the insurance claim(s) made the basis of this lawsuit.

RESPONSE:

14. All reports and other documents from governmental agencies or offices regarding Plaintiffs' Property or containing officially kept information regarding Plaintiffs' Property.

RESPONSE:

15. Any and all claims files and claim reports, including but not limited to notes, emails, data, photos, videos, manuals, guides, summaries and claim documents, regarding all homeowner insurance claims made by Plaintiffs under her homeowner insurance policy/policies with Defendant, specifically regarding damage to the: exterior and interior of Plaintiffs' Property, this request is limited to the last ten (10) years.

RESPONSE:

16.    Any and all records and/or documents explaining criteria utilized to qualify vendors for the "approved vendors list."

RESPONSE:

17.    Any and all records and/or documents maintained by person(s) responsible for maintaining and updating the "approved vendors list."

RESPONSE:

18.    Any and all records and/or documents maintained by person(s) responsible for creating the criteria utilized to qualify vendors, including contractors and roofing companies, for the "approved vendors list."

RESPONSE:

19.    All documents including reports, estimates, data, emails, testing, sampling, videos, and photographs received by Defendant regarding inspections of Plaintiffs' Property made the basis of this lawsuit.

RESPONSE:

20.    Any and all records Defendant received, including those obtained by way of deposition by written questions, regarding Plaintiffs' Property made the basis of this lawsuit.

RESPONSE:

21.    Any and all records or documents Defendant has reviewed and/or obtained regarding Plaintiffs' Property made the basis of this lawsuit.

RESPONSE:

22.    Any and all claims files Defendant has reviewed and/or obtained regarding Plaintiffs' Property made the basis of this lawsuit.

RESPONSE:

23.    Any and all records or documents Defendant has reviewed and/or obtained by third parties regarding Plaintiffs' Property made the basis of this lawsuit.

RESPONSE:

24.     All bulletins or other communications received from the Texas Department of Insurance, the Texas Insurance Commissioner, or their agents, regarding practices in the handling of claims for property damage under Defendant's homeowner insurance policies in Texas. This request is limited to the last five (5) years.

RESPONSE:

25.     All bulletins or other communications received from the Texas. Department of Insurance, the Texas Insurance Commissioner, or their agents, regarding practices in the handling of claims for property damage, hurricane damage, hail, water damage, hail damage, roof damage, and/or wind damage under homeowner insurance policies in Texas. This request is limited to the last five (5) years.

RESPONSE:

26.     All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to unfair claims settlement practices, unfair claims handling practices, standards to be met in adjusting or handling Defendant's first party insurance claims, or avoiding charges of bad faith. This request is limited to the last five (5) years.

RESPONSE:

27.     All materials meant to instruct and guide Defendant's claims adjusters under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code §541.060 and/or Article 21.21. This request is specifically limited to the last five (5) years.

RESPONSE:

28.     All materials meant to instruct and guide Defendant's claims adjusters under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code §542.055 *et seq.* and/or Article 21.55. This request is specifically limited to the last five (5) years.

RESPONSE:

29.     Any and all materials, documents, statements and/or files that demonstrate Defendant's net worth and Defendant's net income. This request is limited to the last five (5) years.

RESPONSE:

30.     Any and all materials, documents, statements and/or files that reflect complaints and/or lawsuits filed by insured against Defendant regarding the handling, review and/or adjusting of homeowner insurance claims in Texas. This request is limited to the last five (5) years.

RESPONSE:

31.     A copy of each advertisement Defendant has used, published and/or distributed, through any means, in Texas. This request is limited to the last five (5) years.

RESPONSE:

32.     Any and all materials, handouts, manuals, outlines, articles and/or documents used or relied upon by Defendant to conduct any seminars and/or continuing education classes for Defendant's employees and/or independent adjusters, regarding the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, and property damage claims, hurricane claims, water damage claims, roof damage claims, and/or wind damage claims in Texas. This request is limited to the last five (5) years.

RESPONSE:

33   Any and all materials, handouts, manuals, outlines, articles and/or documents issued by Defendant to claims representatives and/or adjusters, or received by claims representatives and/or adjusters, or relied upon by claims representatives and/or adjusters, pertaining to the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, property damage claims, hurricane claims, water damage claims, roof damage claims, and/or wind damage claims in Texas. This request is limited to the last five (5) years.

RESPONSE:

34.     Any and all reference materials, handouts, manuals, outlines, articles, and/or documents distributed and/or disbursed to Defendant's employer, employees, agents and/or representatives in connection with attendance at seminars and/or continuing education classes regarding the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, and property damage, hurricane claims, hail, water damage, roof damage claims and/or wind damage claims in Texas, within the last five (5) years.

RESPONSE:

35.     Any and all materials reflecting Defendant's attendance policies for adjusters and claims representatives at seminars and/or continuing education classes regarding the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, property damage claims, hurricane claims, water damage claims, roof damage claims, and/or wind damage claims in Texas. This request is limited to the last five (5) years.

RESPONSE:

36.     Any and all materials, documents, files and/or reports sent to Defendant by its employer, employees, agents, and/or representatives on a monthly, weekly, or daily basis regarding Plaintiff's claim(s). Include any and all field notes and summaries of the room-by-room scope of Plaintiffs' Property made the basis of this lawsuit.

RESPONSE:

37.    Any and all materials, documents, files, and/or reports containing list(s) of contractors and/or roofing companies that have been approved and/or recommended for performance of services for Defendant in Texas, specifically related to homeowner insurance claims. This request is limited to the last five (5) years.

RESPONSE:

38.    Any and all computer programs, electronic data, documents, and/or manuals used by the adjusters and claims representatives to perform property damage estimates relating to homeowner insurance claims in Texas, including a complete copy of the computer program used to adjust Plaintiffs' claim(s). This request is limited to the last five (5) years.

RESPONSE:

39.    Any and all reference materials, handouts, manuals, outlines, articles, and/or documents that have been distributed by and/or disbursed to Defendant regarding the price estimates of contractors and changes of those estimates within different geographical areas of the State of Texas. This request is limited to the last five (5) years.

RESPONSE:

40.    Any and all materials, documents, files and/or reports of contractors and roofing companies that have been approved and/or recommended for performance of services for Defendant in Texas. This request is limited to the last five (5) years.

RESPONSE:

41.    Any and all materials, documents, files, invoices, and/or reports of any and all contractors and roofing companies retained to investigate, inspect, and/or evaluate Plaintiffs' claim(s) made the basis of this lawsuit, prepared on behalf of the Defendant.

RESPONSE:

42.    Any and all materials, documents, files, invoices, and/or reports of any and all contractors and roofing companies retained to investigate, inspect, and/or evaluate claims similar in nature to Plaintiffs' claim(s) asserted in this lawsuit, prepared on behalf of Defendant. This request is limited to the State of Texas. This request is limited to the last five (5) years.

RESPONSE:

43.    A complete copy of the entire personnel file(s) of any and all adjusters assigned to Plaintiffs' claim made the basis of this lawsuit.

RESPONSE:

44.     The most recent address maintained on file for any and all adjusters assigned to Plaintiffs' claim made the basis of this lawsuit.

RESPONSE:

45.     Any and all documents and/or claim files for persons or entities that have filed property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage claims that have been adjusted by any adjusters and/or adjusting companies on behalf of Defendant.

RESPONSE:

46.     Any and all activity logs relating to Plaintiffs' claim(s) for property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage to her property, and specifically, the claim(s) made the basis of this suit.

RESPONSE:

47.     Any and all documents reflecting company guidelines, procedures, or policies that serve as criteria for evaluating whether claims are covered or excluded by any policy provisions Defendant contends applied to Plaintiffs' claim(s).

RESPONSE:

48.     Any and all organizational charts for Defendant.

RESPONSE:

49.     Any and all organizational charts or diagrams for each department, unit, or section of Defendant to which Plaintiffs' claim(s) was assigned. This request is limited to the last five (5) years.

RESPONSE:

50.     Any and all charts or diagrams reflecting the chain of command or supervisory hierarchy relating to each person involved in handling Plaintiffs' claim(s).

RESPONSE:

51.     Any and all claims and underwriting files for each claim involving property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage made against Defendant, investigated by any and all adjusters assigned to Plaintiffs' claim made the basis of this lawsuit in Texas, this request is limited to the last five (5) years.

RESPONSE:

52.    Any and all demand letters received by Defendant after the handling of a claim involving property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage that was adjusted by any and all adjusters assigned to Plaintiffs' claim made the basis of this lawsuit. This request is limited to the last five (5) years.

RESPONSE:

53.    Any and all documents reflecting or relating to Defendant's decision to pay or deny additional expenses to or on behalf of Plaintiffs in this case.

RESPONSE:

54.    Any and all records reflecting payment to Plaintiffs concerning Plaintiffs' claim(s) made the basis of this suit.

RESPONSE:

55.    Any and all documents, including correspondence and checks, exchanged between Defendant and any and all vendors concerning Plaintiffs' claim(s).

RESPONSE:

56.    Any and all documents relating to or reflecting any and all adjusters assigned to Plaintiffs' claim made the basis of this Lawsuit, from the time of hiring through the present.

RESPONSE:

57.    Any and all documents relating to the assignment of Plaintiffs' claim(s) to any and all adjusters assigned to Plaintiffs' claim made the basis of this lawsuit, from the time of hiring through the present.

RESPONSE:

58.    Any and all documents relating to or reflecting referrals of vendors to Plaintiffs or any insured.

RESPONSE:

59.    If you are withholding documents based upon the assertion of a privilege, please produce a privilege log, detailing with reasonable particularity a description of the documents withheld, the number of documents, and the applicable privilege which Defendant claims properly precludes the information discovery.

RESPONSE:

60.  .  Any and all advanced or specialized certifications of personnel who inspected, investigated, and/or supervised the adjusting of the claim(s) pertaining to the Property made the basis of this lawsuit.

RESPONSE:

61.    Any and all documents, including contracts, rules, guidelines and/or instructions exchanged between Defendant, Plaintiffs and any and all adjusters assigned to Plaintiffs' claim made the basis of this Lawsuit, from the time of hiring through the present, and any other entities with whom Defendant worked or communicated regarding the Property made the basis of this lawsuit.

RESPONSE:

62.    All physical or tangible items and/or potentially usable evidence obtained by, or on behalf of, Defendant from the scene of the occurrence made the basis of this suit.

RESPONSE:

63. .   Any and all indemnity agreements between Defendant and any other person, firm, or corporation against which a claim of indemnification might be brought because of the facts in this lawsuit.

RESPONSE:

64.    Any and all complaint policies and procedures regarding the handling by Defendant of complaints made by insured homeowners. This request is limited to the last five (5) years.

RESPONSE:

65.    Copies of all job descriptions of employees that adjusted or in any way supervised the handling of Plaintiffs' claim(s).

RESPONSE:

66.    All non-privileged e-mails regarding the investigation, adjusting, and/or handling of the claim(s) made the basis of this lawsuit.

RESPONSE:

67.    All e-mails between Defendant's adjusters, agents, supervisors, officers, and/or executives regarding changes in the educational programs relating to the handling of property damage, hurricane damage, hail, water damage, and/or roof damage claims.

RESPONSE:

68.    All computer files, databases, electronically-stored information or computer-stored information regarding property damage, hurricane damage, water damage and/or roof damage that have been compiled, prepared, and/or supervised by Defendant, whether or not they are in Defendant's possession or in the possession of another entity.

RESPONSE:

69.    True and complete copies of all billing records from any and all independent adjusters regarding the claim(s) made the basis of this lawsuit.

RESPONSE:

70.    True and complete copy of activity logs filed by the staff and independent adjusters on the file pertaining to the claim(s) made the basis of this lawsuit.

RESPONSE:

71.    Any and all reports, documents, or correspondence containing the names and locations of all adjusters who have worked on this file to the present.

RESPONSE:

72.    True and complete copies of all billings on the file from the independent adjusters, including the time sheets or documentation used to justify the billings.

RESPONSE:

73.    Any and all reports, documents or correspondence reflecting the reserving and payment history of indemnity, expenses, and vendors on this file including but not limited to dates, changes and requests made by the adjusters. This request is limited to the last five (5) years.

RESPONSE:

74.    Any and all correspondence and lawsuits involving vendors, staff or management involved with property claims, property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage claims from 2000 to present.

RESPONSE:

75.    Any and all correspondence and lawsuits concerning the issues of honesty, conflict of interest, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior of any person associated with the handling of Defendant's claims files, management of property damage, hail, water damage, roof damage and/or wind damage claims, including staff and vendors.

RESPONSE:

76.     Any and all answers made in previous discovery requests for lists or databases of property damage, hurricane damage, hail damage, water damage, roof damage and/or wind damage.

RESPONSE:

77.     Any and all answers and affidavits made by Defendant and its counsel in previous discovery requests for training procedures, and training manuals for property damage, hurricane damage, hail damage, water damage, roof damage, and/or wind damage claims.

RESPONSE:

78.     Any and all reports, documents or correspondence reflecting the history of payment and reserves on this file.

RESPONSE:

79.     Any and all reports, documents or correspondence containing names of designated individuals who gave testimony as Person Most Knowledgeable for claims, property damage, hurricane damage, catastrophe, hail damage, water damage, roof damage, and/or wind damage claims for 2000 through the present, along with a list of the lawsuits where testimony was given.

RESPONSE:

80.     Any and all training manuals used by vendors to train their adjusters on property damage, hurricane damage, hail damage, water damage, roof damage, and/or wind damage for Defendant. This request is limited to the last five (5) years.

RESPONSE:

81.     Any and all correspondence from Defendant to and from vendors regarding any instructions, procedures, changes, training, payments, and billing for property damage, hurricane, flood, wind, hail and catastrophe claims for 2000 through the present, including but not limited to computer disks, e-mails, paperwork, and manuals.

RESPONSE:

82.     Any and all correspondence concerning issues with billing and claims handling with Defendant's vendors, and/or independent adjusting companies. This request is limited to the last five (5) years.

RESPONSE:

83.     Any and all demand letters, lawsuits and/or subrogation claims filed against any of Defendant's vendors, or by any vendors against Defendant. This request is limited to the last five (5) years.

RESPONSE:

84.     Any and all reports, documents or correspondence containing lists of attendees, dates, and locations of all meetings conducted by Defendant for all independent adjusters and Defendant's staff for property damage claims, hurricane damage claims, flood damage claims, wind damage claims, hail damage claims, water damage claims, and/or roof damage claims training. This request is limited to the last five (5) years.

RESPONSE:

85.     Any and all reports, documents or correspondence containing lists of files with written complaints or DOI complaints on property damage, hurricane damage, wind damage, hail damage, water damage, and/or roof damage claims previously gathered and produced in other TDI complaints or lawsuits. This request is limited to the last five (5) years.

RESPONSE:

86.     Any and all reports, documents or correspondence containing lists of all lawsuits or disputes filed against Defendant or its entities or affiliates nationwide, containing an element of property damage, hurricane damage, hail damage, water damage, roof damage, and/or wind damage for 2000 through the present.

RESPONSE:

87.     Copies of the front and back of each negotiated check made payable solely or co-payable to Plaintiff under her insurance policy in effect during the time of the insurance claim made the basis of this lawsuit, and which was issued by Defendant.

RESPONSE:

88.     Copies of the front and back of each negotiated check made payable solely or co-payable to Plaintiff regarding the insurance claim made the basis of this lawsuit.

RESPONSE:

89.     Studies commissioned by Defendant, including any done by a law firm to analyze their claim management strategies, and/or to help them improve corporate profits.

RESPONSE:

90. Affidavits or depositions of the employee(s) who handled Plaintiffs' claim(s), or their supervisors, in all other cases involving the same or similar allegations as in this case.

RESPONSE:

91. The entire underwriter's file for underwriting the insurance policy made the basis of this lawsuit.

RESPONSE:

92. All notes, reports, documents, or applications created and/or generated by Defendant's underwriting department relating to the insurance policy made the basis of this lawsuit.

RESPONSE:

93. All documents and communications, including electronic, between Defendant and any engineer(s) or engineering company(s), used to evaluate Plaintiffs' claim(s), or other person(s) used in handling Plaintiffs' claim(s), in the last five years regarding, in any way, the investigation of a residence, commercial building or church, involving damages to the structure or its contents.

RESPONSE:

94. Please produce any and all underwriting files, notes, documents, memorandum, emails, inspections and photographs in your possession related to the property at issue in this matter and/or the Plaintiffs/Insured for the last 10 years.

RESPONSE:

95. Please produce a copy of any and all depositions upon written questions in your possession related to this matter, the subject matter of this lawsuit, any party to this matter, and/or the property at issue in this matter. If on order and you have not received such documents, please properly supplement this response upon receipt of such documents properly pursuant to the Texas Rules of Civil Procedure.

RESPONSE:

96. Please produce a copy of any subpoenaed document ordered and/or in your possession related to this matter, the subject matter of this lawsuit, any party to this matter, and/or the property at issue in this matter. If on order and you have not received such documents, please properly supplement this response upon receipt of such documents properly pursuant to the Texas Rules of Civil Procedure.

CAUSE NO. _____

| | | |
|---|---|---|
| LIANNA PATTERSON AND | § | IN THE DISTRICT COURT |
| JAMES PATTERSON | § | |
| | § | |
| V. | § | |
| | § | _____ JUDICIAL DISTRICT |
| LIBERTY MUTUAL INSURANCE | § | |
| CORPORATION AND | § | |
| JEFFREY ALLEN | § | BEXAR COUNTY, TEXAS |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO
## DEFENDANT LIBERTY MUTUAL INSURANCE CORPORATION

TO:   LIBERTY MUTUAL INSURANCE CORPORATION, by and through its registered agent,
Corporation Service Company, 211 East 7th, Ste. 620, Austin, Texas 78701.

Pursuant to Rule 197 of the Texas Rules of Civil Procedure, Plaintiffs requests that the above-

named Defendant, LIBERTY MUTUAL INSURANCE CORPORATION (hereinafter referred to as

"Defendant"), disclose, within thirty (50) days after the date of service of this request, the information or

material described in the following set of interrogatories.

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone:     (210) 490-7402
Facsimile:     (210) 490-8372

BY:      _/s/ Robert A. Pollom_____
ROBERT A. POLLOM
State Bar No. 24041703
robert@krwlawyers.com
Jake S. Rogiers
State Bar No. 24069066
Jake@krwlawyers.com

ATTORNEYS FOR PLAINTIFFS

## INSTRUCTIONS

1.      Answer each request for documents separately by listing the documents and by describing them as defined below. If documents are numbered for production, in each answer provide both the information that identifies the document and the document's number(s). There is a duty to supplement any answer made to the request for documents when the original answer is no longer true, or was incorrect or incomplete when made.

2.      For each document or other requested information that you assert is privileged or is not discoverable, identify that document or other requested information. State the specific grounds for the claim of privilege or other applicable ground for exclusion. Also, for each document you claim is not discoverable, state the date of the document, the name, job title, and address of the person who prepared it; the name, address and job title of the person to whom it was addressed, circulated, or who saw it; the name, job title, and address of the person now in possession of the document; a description of the subject matter of the document; the document's present location; and the custodian for the document.

3.      For a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence or could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

4.      The documents produced pursuant to the following requests for documents are considered to be authentic unless a proper objection is asserted as to the documents' authenticity under the Texas Rules of Civil Procedure.

## DEFINITIONS

The following definitions shall have the following meanings, unless the context of the requests for documents require otherwise:

1.      "PLAINTIFFS" means LIANNA PATTERSON and JAMES PATTERSON, along with their family members, agents, representatives, and all other persons acting in concert with them, or under their control, whether directly or indirectly, including any attorney.

2.      "DEFENDANT," means LIBERTY MUTUAL INSURANCE CORPORATION, along with its agents, representatives, and all other persons acting in concert with it, or under its control, whether directly or indirectly, including any attorney.

3.      "DOCUMENT," "DOCUMENTS" and "DOCUMENTATION" are used in their broadest sense and mean all written, printed, typed, recorded, or graphic matter of every kind and description, source and authorship, both originals and all nonidentical copies thereof, and all written, printed, typed, recorded, or graphic matter of every kind and description, both originals and copies, and all attachments and appendices thereto, in your possession, custody or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative or private entity or person. Without limiting the foregoing, the terms "document" and "documents" include handwritten, typewritten, printed, photocopied, photographic or recorded, stenographic, computer-generated, computer-installed or electronically stored matters, however and by whomever produced, prepared, reproduced, disseminated or made, and includes communications in words, symbols, pictures, sound recordings, films, tapes and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instruction and other materials necessary to understand and use such systems. For purposes of illustration and no limitation, "documents" includes: accounts; advertising; affidavits; agendas; agreements; analyses; analytical records; announcements; appointment books; appraisals; articles; bills; statements and other records of obligations and expenditures; books; brochures; bulletins; calendars; checks; cancelled checks, vouchers, receipts and other records of payments; charts, drawings; check registers; checkbooks; circulars; collateral files and contents; communications; compilations; confirmations; consultant's reports; contracts; corporate by-laws; corporate charters; correspondence; credit files and contents; data compilations from which information can be obtained (including matter used in data processing); deeds of trust; deposit slips, diaries, diary entries; drafts; envelopes; folders or similar containers; expense reports; facsimile transmissions; files; film tape; financial statements; forecasts; graphs; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; letters of credit; lists; log books; logs, notes or memoranda of telephonic or face-to-face conversations; manuals; maps, marginal notations; memoranda of all kinds to and from any persons, agencies or entities; messages; microfilm; microfiche; minutes; minute books; notes; notebooks; notices; pamphlets; parts lists; papers; photographs, press releases; printed matter (including published books, articles, speeches and newspaper clippings); printouts; programs; punch cards; purchase orders; receipts; recommendations; records; records of administrative, technical and financial actions taken or recommenced; reports; safety deposit boxes and contents and records of

entry; schedules; security agreements; sell orders; sound recordings; specifications; speeches; statement of bank accounts; statements, interviews; statistical data; statistical statements, stock transfer ledger; studies; surveys; tables; tabulations; tape or disk recordings; tape programs; technical and engineering reports, evaluations; advice; recommendations; commentaries; conclusions; studies; test plans; manuals; procedures; data; reports; results and conclusions; summaries, minutes, notes and other records and recording of any conference, meetings, visits, negotiations, statement, interviews or telephone conversations; other summaries; telegrams; teletypes, telexes and other communications sent or received; time records; telephone bills or records; trade letters; transcripts of hearings; transcripts of testimony; UCC instruments; video recordings; visitor records; vouchers; work assignments; work sheets; work papers; and all other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored or electronically stored matter, however or by whomever produced, prepared, reproduced, disseminated or made, the contents of which relate to, discuss, consider or otherwise refer to the subject matter of the particular discovery requested.

4.     "PERSON" includes individuals, associates of individuals, partnerships, joint-stock companies, corporations, or trustee or receiver of an individual, association of individuals, joint-stock company or corporation, and any other type of entity or institution, whether formed for business or any other purposes.

5.     "PARTY" shall mean any party whomsoever to the dispute, and includes each party's agents, employees, attorneys, representatives, predecessors, successors, affiliates, partners, officers, directors, principals and any and all other persons acting or purporting to act on the party's behalf or under the party's control. For purposes of the duty to supplement, the term also includes entities, which become parties subsequent to the date this request for documents is served.

6.     "RELATING TO" and or "RELATES TO" means in whole or in part constituting, containing, concerning, embodying, reflecting, describing, analyzing, identifying, stating, referring to, or dealing with, or in any way pertaining to.

7.     "CONCERNING" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, and constituting.

8.     "COMMUNICATION" means the transmission, sending and/or receipt of information of any kind by or through any means, including but not limited to speech, writings, language (machine, foreign or otherwise), computer electronics of any kind (e.g., email), magnetic tape, videotape, photographs, graphs, symbols, signs, magnetic or optical disks, "floppy disks", CD-ROM disks, sound, radio or video signals, telecommunication, telephone teletype, facsimile, telegraph, microfilm, microfiche, photographic film of any type and other media of any kind. The term "communication" also includes, without limitations, all "records" (as hereafter defined) and all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, notices, requests, responses, demands, complaints, and press, publicity or trade releases.

9.      "RECORD(S)" means all documents and writings of any kind, and all communications (as defined above) which are stored or retrievable or recorded in any manner, including originals and all non-identical copies whether different from the originals by notation made on such copies or otherwise, all drafts, alterations, modifications, changes and amendments, graphic or any electronic or mechanical records or representation of any kind, created during the period 2000 to present. Any electronic records or computer data which may exist shall be produced in ASCii comma delimited to fixed length filed format and shall include all files, records, instructions, codes or other information necessary to retrieve the data. Electronic data should be produced in Microsoft Access 95 or Microsoft Access 95, 97 or.2000 (MDB) formal, Dbase (DU) format, Excel (xls) format or ASCii comma delimited or fixed length format (txt) and shall include all file, record and field format definitions and the instructions, codes or information necessary to retrieve the data. Such electronic data should be provided on one of the following media. Zip disk, Jaz disk, CD-ROM or 3.5" floppy disk.

10.     "DATE" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

11.     "DESCRIBE" and "IDENTIFY," when referring to a person, require statements of the following:

a       The full name.
b.      The present or last known residential address.
c.      The present or last known residential and office telephone numbers.
d.      The present occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular request.
e.      In the case of any person other than an individual, identify the officer, employee, or agent most closely connected with the subject matter of the request and identify the officer who is responsible for supervising that officer or employee.

12.     "DESCRIBE" and IDENTIFY," when referring to a document, are defined to require that you state the following:

a.      The nature (e.g., letter, handwritten note) of the document
b.      The title or heading that appears on the document
c.      The date of the document and the date of each addendum supplement, or other addition or change.
d.      The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.
e.      The present location of the document, and the name, address, position, or title, and telephone number of the person or person having custody of the document.

13.     The words "AND" and "OR" should be construed either conjunctively or disjunctively as required by the context to bring within the scope of these discovery requests any answer, response or document that might be deemed outside its scope by another construction.

14.     "PERTAINS TO" or "PERTAINING TO" means relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, supports, corroborates, demonstrates, proves, evidences, shows, reflects, refutes, disputes, rebuts, controverts or contradicts.

15.     "RESIDENCE" and/or "PROPERTY" refers to the home located at 2911 Spider Lily, San Antonio, Texas 78258.

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT LIBERTY MUTUAL INSURANCE CORPORATION

1.      State the name, address, telephone number, and position or job title of all persons answering these interrogatories.

ANSWER:


2.      State whether Defendant contends that any conditions precedent to Plaintiffs' recovery has not been met, whether said conditions be stated in the insurance policy or required by law. If so, state what conditions have not been met.

ANSWER:


3.      List the date(s) Defendant requested that Plaintiffs provide any named Defendant(s) in this cause of action with requested information that was required in order to properly evaluate Plaintiffs' claim(s).

ANSWER:


4.      List the date(s) Defendant received Plaintiffs' notice of claim(s) for coverage for property damages, the date(s) Defendant first acknowledged Plaintiffs' notice of claim(s), and in what form the notice of claim was submitted.

ANSWER:


5.      State whether Defendant contends that Plaintiffs did not provide any named Defendant(s) in this cause of action with requested information that was required in order to properly evaluate Plaintiffs' claim(s). If so, state what information was requested and not provided, and the dates of the requests.

ANSWER:

6.     State the name, address, telephone number, and job title or position of all persons who issued, adjusted, investigated, reviewed, handled, made entries, made decisions, or exchanged any documents or communications, including electronic, regarding Plaintiffs' insurance policy or the claim(s) made the basis of this lawsuit, including the name, address, and telephone number of the supervisor of the identified person. For any such person who is no longer an employee, agent, or representative of any defendant, please so indicate and provide the person's last known address and telephone number.

ANSWER:


7.     State every basis, in fact and in the terms of Plaintiffs' policy, for Defendant's denial and/or recommendation of denial of Plaintiffs' claim(s).

ANSWER:


8.     State every basis, in fact and in the terms of Plaintiffs' policy, for Defendant's failure to pay for Plaintiffs' full claims.

ANSWER:


9.     State the cause number, style, and court for each lawsuit filed against Defendant in the last five years alleging misconduct, improper claims handling, bad faith, violations of Texas Insurance Code §541.060, formerly known as Article 21.21, or violations of Texas Insurance Code §542.055, *at seq.*, formerly known as Article 21.55, in the handling of first party claims for property damage coverage under homeowner insurance policies.

ANSWER:


10.     State the legal theories and describe the factual bases, for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §541.060, the violation of which is alleged in Plaintiffs' current live pleading against Defendant.

ANSWER:

11.     State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.055, in that Defendant followed all statutory deadlines, and by no later than the 15th day of notice of the claim (in the event of a weather-related catastrophe or major natural disaster, as defined by the commissioner, the claim-handling deadlines under this subchapter are extended for an additional 15 days acknowledged receipt of the claim, commenced investigation of the claim, and requested any proper documents from Plaintiffs' reasonably believed necessary to conduct such investigation, made additional requests during the investigation as necessary, and if acknowledgment of receipt of the claim was not in writing, made record of the date, manner and content, as refuted in Plaintiffs' current live pleading against Defendant.

ANSWER:

12.     State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.056, in that Defendant followed all statutory deadlines by notifying Plaintiffs' in writing the acceptance or rejection of Plaintiffs' claim no later than the 15th business day after receipt of any requested information from Plaintiffs', (in the event of a weather-related catastrophe or major natural disaster, as defined by the commissioner, the claim-handling deadlines under this subchapter are extended for an additional 15 days), including stating the reason if rejected or explanation of why Defendant could not do so within that time, as refuted in Plaintiffs' current live pleading against Defendant.

ANSWER:

13.     State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.058, in that Defendant after receiving all items, statements, and forms reasonably requested and required under § 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by § 542.060, except where it is found as a result of arbitration or litigation that a claim received by an insurer is invalid and should not be paid by the insurer, receiving all necessary information, Defendant did not delay in making payments for more than 60 days, as refuted in Plaintiffs' current live pleading against Defendant.

ANSWER:

14.     State the name, address, and telephone number of each policyholder who gave Defendant written notice, within the last five years, of a complaint about Defendant's handling of first party claims for property damage coverage under homeowner insurance policies in Texas.

ANSWER:

15.     State the name, address, and telephone number of each policyholder from whom Defendant recorded a complaint, within the last five years, about Defendant's handling of first party claims for property damage coverage under homeowner policies in Texas.

ANSWER:

16.     For each complainant identified in the answers to interrogatories 14 and 15, state whether any communication was exchanged between Defendant and any Texas governmental regulatory agency regarding the complaint. If the Response is yes, for any such complainant, state the name of the agency, the name of the government's representative with whom Defendant exchanged communication, and the reason for the governmental agency's involvement.

ANSWER:

17.     For each investigation by a Texas governmental agency within the last five years into Defendant's practices when handling first party claims for property damage coverage under homeowner/commercial policies, state the name of the agency, the names of all investigators, and the names of all government representatives with whom Defendant communicated for purposes of the investigation.

ANSWER:

18.     Identify by name, address, and telephone number, all persons and or entities that have filed property damage claims, hurricane damage claims, hail damage claims, water damage claims, roof damage claims and/or wind damage claims with Defendant that have been adjusted by any and all adjusters assigned to Plaintiffs' claim made the basis of this Lawsuit, from the time of hiring through the present.

ANSWER:

19.     Please state whether Defendant took, or is aware of the taking of, a recorded statement and/or examination under oath of any representative, or agent of, or any person employed by, Plaintiffs regarding the claim made the basis of this lawsuit. If a recorded statement and/or examination under oath was taken, please state the date it was taken and the name of the person taking the statement. Please also state whether the statement was transcribed, where the statement is currently located, and/or the last place Defendant saw a transcription of same.

ANSWER:

20.    Identify by name, address, and telephone number, all persons and/or entities, agency or agents, and brokers that have issued Plaintiffs' Policy.

ANSWER:


21.    Identify by name, address, and telephone number, all persons and/or entities, agency or agents, and brokers that prepared Plaintiffs' Policy including the Property made basis of the claim(s).

ANSWER:


22.    Identify by name or company name, address, and telephone number any engineer(s) and/or engineering company(s), used to evaluate Plaintiffs' claim(s), the name(s) of each prior claim each such person(s) and/or company(s) worked for Defendant, the date(s) of the reports, and the address of the Property for which the inspection was done.

ANSWER:


23.    For each of the above listed engineer(s) or engineering company(s), list the compensation received from Defendant for any services and work performed in the last five years.

ANSWER:

**DAVILA CIVIL PROCESS**

P.O. Box 1733
Helotes, Texas 78023



7014 1820 0002 2827 6725



U.S. POSTAGE
PAID
SAN ANTONIO, TX
78201
JUL 24 17
AMOUNT
**$9.18**
R2304M113856-13

1000            78701

Corporation Service Company
211 East 7th St., Ste. 620
Austin, Texas  78701

FILED
8/18/2017 3:07 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Isaias Ibarra

Case 5:17-cv-00814-FB-ESC   Document 1   Filed 08/24/17   Page 81 of 90

## CAUSE NO. 2017CI12751

| | | |
|---|---|---|
| **LIANNA PATTERSON AND** | § | **IN THE DISTRICT COURT** |
| **JAMES PATTERSON** | § | |
|     **Plaintiffs** | § | |
| | § | |
| **v.** | § | **288TH JUDICIAL DISTRICT** |
| | § | |
| **LIBERTY MUTUAL INSURANCE** | § | |
| **CORPORTION AND JEFFREY ALLEN** | § | |
|     **Defendants** | § | **BEXAR COUNTY, TEXAS** |

---

### DEFENDANT LIBERTY INSURANCE CORPORATION'S (*Incorrectly named as Liberty Mutual Insurance Corporation*) ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

---

Defendant Liberty Insurance Corporation (*Incorrectly named as Liberty Mutual Insurance Corporation)* files its Original Answer, and would respectfully show as follows:

### I.

Defendant generally denies each and every allegation contained in Plaintiffs' Original Petition pursuant to Texas Rule of Civil Procedure 92, and demands strict proof thereof by a preponderance of the credible evidence.

### II.

Defendant reserves the right to invoke the policy's appraisal provision to resolve issues regarding the amount of loss.

### III.

Pursuant to Texas Rules of Civil Procedure, Plaintiffs are requested to disclose and serve, within thirty (30) days of service of the Request, the information or material described in Rule 194.2(a) - (l). Plaintiffs shall supplement all disclosures pursuant to TEX. R. CIV. P. 193.5.

**IV.**

WHEREFORE, PREMISES CONSIDERED, Defendant Liberty Insurance Corporation (*Incorrectly named as Liberty Mutual Insurance Corporation*) respectfully prays for a judgment that Plaintiffs take nothing, that Defendant recover all its costs, and that Defendant be granted all other relief, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

LINDOW STEPHENS TREAT LLP

_____
David R. Stephens
State Bar No. 19146100
Alexander D. Good
State Bar No. 24092433
One Riverwalk Place
700 N. St. Mary's St., Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
dstephens@lstlaw.com
agood@lstlaw.com

*Counsel for Liberty Insurance Corporation*

## CERTIFICATE OF SERVICE

In accordance with Rules 21 and 21a of the Texas Rules of Civil Procedure, on the **18th** day of **August, 2017**, a true and correct copy of the above and foregoing instrument was served *via electronic service and/or via facsimile* upon:

Robert A. Pollom
KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232

_____
David R. Stephens
Alexander D. Good

# Exhibit

# C

K E T T E R M A N | R O W L A N D | W E S T L U N D

A T T O R N E Y S   A T   L A W

Greg Allen ᴾˣ                Douglas D. Ketterman* ᴾˣ ˢˣ      Courtney R. Potter ᴾˣ
Kevin S. Baker ᴾˣ            Matthew D. Ketterman ᴾˣ ˢˣ       Jake S. Rogiers ᴾˣ
Philip G. Bernal* ᴾˣ         Brennan M. Kucera ᴾˣ ᴷˢ          Michael R. Rowland ᴾˣ
Perry J. Dominguez II ᴾˣ     Desiree Marrufo ˢˣ               Brian C. Steward* ᴾˣ
Taylor W. Harper ᴾˣ          Chris Mazzola ᴾˣ                 Cole Thompson ᴾˣ
Joshua S. Hadeы ᴾˣ           Jay Moore ᴾˣ                     Ryan A. Todd ᴾˣ ᴰᶜ
Kris Hufstetler ᴾˣ ˢˣ        Robert F. Mulhearn III ᴸᴬ        R. Scott Westlund ᴾˣ
David M. Keiner ᴾˣ ᴺᴹ        Robert A. Pollom ᴾˣ

*Board Certified - Personal Injury Trial Law Texas Board of Legal Specialization

June 6, 2017

Liberty Mutual Insurance Company                    ***VIA CMRR:70163010000074732775***
Attn: Property Claims
175 Berkeley Street
Boston, MA 02116

    RE:    Insured:    Lianna & James Patterson
           Claim No.:    034352875-01
           Policy No.:    H3729821170140

Dear Sir/Madam:

    This firm represents Ms. Lianna Patterson and Mr. James Patterson in connection with the above-referenced claim, under their insurance policy (the "policy"), for damages to their property sustained as a result of a loss covered under the policy and for which your client opened a claim (the "loss").

    Our clients purchased a policy of insurance from your client or from your client's representatives. It was represented to our clients that this policy of insurance was in full force and effect for the policy period, and that any and all claims made by the insured would be handled in a manner consistent with the guidelines set forth in the Texas Insurance Code. Our clients are also a "person" under the Texas Insurance Code with standing to bring claims under the Texas Insurance Code.

    As you know, our clients have made claims under the policy of insurance sold to them by your client. It has been requested that representatives of your client conduct an immediate and thorough investigation of the hail and/or wind damage and claims made by the insured. The presence of hail and/or wind damage also implicates damages and costs for testing, evaluation, and repair of the premises.

    To date, the handling of the claims for damage has resulted in significant problems for our clients. Liberty Mutual Insurance Corporation assigned the claim to an adjuster, and despite being given authority and instructions to inspect, adjust and evaluate the claim, the adjuster failed to properly inspect the property and the damages. Further, both the adjuster and your client failed to request information, failed to adequately investigate the claim, failed to respond to requests for information from the insured, failed to timely evaluate the claim, and failed to timely estimate the claim. As well, the adjuster failed to timely and properly report to your client and make recommendations to your client regarding payment. As a result, our clients' claim has been delayed and now your client has denied full, appropriate payment for the damages.

MAIN OFFICE - SAN ANTONIO        ABILENE         AUSTIN          BEAUMONT        HOUSTON         LAKE CHARLES        PHILADELPHIA
16500 San Pedro #302          104 Pine St Ste 504   8911 Brandon St #210   755 S Eleventh #230   1802 Woods n #155   427 Kirby St          1500 JFK Blvd #1200
San Antonio, TX 78232         Abilene, TX 79601     Austin, TX 78701       Beaumont, TX 77701    Houston, TX 77056   Lake Charles, LA 70601   Philadelphia, PA 19102
P: 210-  296-3357             P: 325-  437-2424     P: 855-  576-5299      P: 855-  576-5299     P: 650-  576-5299   P: 855-  576-5299        P: 855-  576-5299
F: 210-  495-8272             F: 325-  437-3357     F: 888-  916-1717      F: 888-  916-1717     F: 888-  916-1717   F: 888-  916-1717        F: 888-  916-1717

KRWLAWYERS.COM

Liberty Mutual Insurance Company
June 6, 2017
Page 2 of 4

## Claims Under Texas Insurance Code

The Texas Insurance Code violations of your client and their representatives and/or agents include, but are not limited to:

1. Insurance Code chapter 542, the Prompt Payment Act.

2. Insurance Code § 542.003(b)(5) and 28 TAC § 21.203(5).

3. Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiff to settle its claim with respect to another portion of the policy;

- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims;

- refusing to affirm or deny coverage within a reasonable time;

- refusing to pay Plaintiff's claim without conducting a reasonable investigation;

- refusing to conduct a reasonable investigation; and/or

- conducting an outcome-oriented investigation in order to provide a basis to deny the claim or underpay the claim.

The actions by your client in violation of the Texas Insurance Code constitute producing causes of damages to our clients.

Because of the nature of the claims and the circumstances surrounding the losses in question, your client's decision to deny the claims even though it is reasonably clear the claims are covered constitutes "knowing" violations of the Texas Insurance Code sufficient to allow the imposition of treble damages.

Liberty Mutual Insurance Company
June 6, 2017
Page 3 of 4

Furthermore, because of these violations of the Texas Insurance Code, our clients are entitled to recover attorney's fees.

### Breach of Duty of Good Faith and Fair Dealing:  Bad Faith

In addition, your client violated the duty of good faith and fair dealing by refusing to pay the claims in question even though it knew or should have known that it was reasonably clear the claims were covered.  Your client's breach of the duty of good faith and fair dealing has proximately caused injury and damage to our clients.

### Breach of Contract

Moreover, by failing to pay benefits under the policy of insurance, your client breached the contract of insurance that existed between it and our clients.  As a result, our clients are entitled to recover actual damages, consequential damages and attorney's fees pursuant to §38.001 of the Texas Civil Practice & Remedies Code because of your client's breach of contract.

Accordingly, please allow this correspondence to constitute notice under the Texas Insurance Code of the claim, against your client.  Please allow this correspondence to also serve as notice pursuant to Chapter 38.001 of the Texas Civil Practice & Remedies Code.

The damages suffered by our clients to date include:

| CONTRACTUAL | | | |
|---|---|---|---|
| K Amount Owed | | $ | 31,438.68 |
| 18% P&I | 1.3 | $ | 7,356.65 |
| 10% PJI | | $ | 5,043.39 |
| Attorney Fees | | $ | 29,225.82 |
| Depreciation | | $ | 3,366.88 |
| Total | | $ | 76,431.42 |
| | | | |
| **Extra Contractual** | | | |
| Mental Anguish | | $ | 5,000.00 |
| Treble Damages | | $ | 62,877.36 |
| Attorney Fees | | $ | 45,251.57 |
| Total | | | $113,128.93 |
| | | | |
| **Full Verdict Value** | | $ | 189,560.35 |

Liberty Mutual Insurance Company
June 6, 2017
Page 4 of 4

The additional damages are included because the conduct by your client constitutes a "knowing" violation of the Texas Insurance Code, and such a finding allows the imposition of treble damages.

**Please be advised that I would recommend to our clients that they accept $105,000.00 as full and complete settlement of their claim. Of course, we reserve the right to adjust this amount to conform to the information and additional evidence that will be available to us at the time of trial.**

Attached please find the estimate prepared for our client's outlining the damages as a result of the covered loss. Your client has a claim file wherein it has documented the facts surrounding the claim, and which contains its adjuster's notes and estimate(s), among other things. It is requested that you produce all non-privileged portions of the claim file and our client's policy at this time if you have not already done so.

**This correspondence is an offer of settlement under Rule 408 of the Texas Rules of Evidence and is not admissible for any purpose.** The purpose of this correspondence is to encourage you to resolve this claim in a fair and equitable manner.

Should you fail to accept this offer of settlement in full within 60 days, said offer will be deemed to have automatically expired.

Thank you for your cooperation and attention to this matter. I look forward to hearing from you in the near future.

Respectfully,

*/s/ Robert A. Pollom*

Robert A. Pollom

RAP/et

# Exhibit

# D

**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **LIANNA PATTERSON AND** | | |
| **JAMES PATTERSON** | § | |
| **Plaintiffs** | § | |
| | § | |
| **v.** | § | **Civil Action No. _____** |
| | § | |
| **LIBERTY MUTUAL INSURANCE** | § | |
| **CORPORATION AND JEFFREY ALLEN,** | § | |
| **Defendant** | § | |

**LIST OF ALL COUNSEL OF RECORD**

---

Party                                        Attorney(s)

Lianna Patterson and                         Robert A. Pollom
James Patterson                              State Bar No. 24041703
                                             Jake S. Rogiers
                                             State Bar No. 24069066
                                             KETTERMAN ROWLAND & WESTLUND
                                             16500 San Pedro, Suite 302
                                             San Antonio, Texas 78232
                                             Tel: 210-490-7402
                                             Fax: 210-490-8372
                                             robert@krwlawyers.com
                                             jake@krwlawyers.com


Liberty Insurance Corporation                David R. Stephens
                                             State Bar No. 19146100
                                             Alexander D. Good
                                             State Bar No. 24092433
                                             LINDOW STEPHENS TREAT LLP
                                             One Riverwalk Place
                                             700 N. St. Mary's Street, Suite 1700
                                             San Antonio, Texas 78205
                                             Telephone: 210.227.2200
                                             Facsimile: 210.227.4602
                                             dstephens@lstlaw.com
                                             agood@lastlaw.com